51 Wn. App. 131 (1988)
752 P.2d 393
In the Matter of K.
JOHN SLINKARD, Appellant,
v.
NANCY SLINKARD, Respondent.
No. 8439-6-III.
The Court of Appeals of Washington, Division Three.
April 12, 1988.
*132 David W. Corkrum, as guardian ad litem.
Patrick T. Roach and Campbell, Johnston & Roach, for appellant.
Kenneth O. Eikenberry, Attorney General, and Steven J. Kinn and Sharon Brown, Assistants, for respondent.
MUNSON, J.
John Slinkard appeals the summary judgment dismissal of his petition to disestablish paternity because it was not brought within a reasonable time. We reverse and remand.
On May 5, 1972, K. was born to Nancy Bull. Ms. Bull and Mr. Slinkard were married 10 days later in Coeur d'Alene, Idaho. At Mr. Slinkard's insistence, he was named as the father on K.'s birth certificate. On October 5, Mr. Slinkard signed a sworn statement acknowledging he was the father of K.
They jointly petitioned for dissolution of their marriage and obtained a final decree of dissolution on September 3, 1974. The decree awarded custody of K. to Mrs. Slinkard, granted Mr. Slinkard visitation, and ordered him to pay $75 per month in child support. Mr. Slinkard took little or no action to pay the child support. He visited K. on several occasions following the dissolution, but stopped after his marriage to his present wife.
In November 1982, Mrs. Slinkard, now and hereafter referred to as Ms. Garcia, applied for and began receiving public assistance for herself, K., and one child not of this marriage. As a condition to receiving public assistance, she assigned her right to child support to the Department of Social and Health Services (DSHS). In October 1984, *133 DSHS notified Mr. Slinkard it was seeking back child support.[1] On January 18, 1985, Mr. Slinkard petitioned the superior court to order Ms. Garcia and K. to submit to blood tests. On May 7, blood tests were taken. The tests determined Mr. Slinkard was not the father of K.
On May 31, Mr. Slinkard petitioned the court to disestablish his paternity and to vacate past due child support. This was more than 9 years after the enactment of the Uniform Parentage Act, RCW 26.26. On July 10, 1986, DSHS moved for summary judgment. The guardian ad litem for K. filed a report stating he had telephonically interviewed Ms. Garcia and K.; K. at all times considered Mr. Slinkard to be her father; she wished that he remain as her father; and it was in the best interest of K. that the matter be dismissed. The report did not state he had interviewed Mr. Slinkard.
On March 4, 1987, the court granted the motion for summary judgment. The court concluded Mr. Slinkard was a presumed father under RCW 26.26.040(3)(a), (b), and (c) and that his action to disestablish his paternity was barred because it was not brought within a reasonable time as required by RCW 26.26.060(1)(b) and by the doctrine of laches. This appeal followed.
Mr. Slinkard first contends the court erred in refusing to consider certain documents in ruling on the motion for summary judgment, including the results of the blood tests. The record reveals the trial judge had read the entire file. However, he considered the only relevant issue was whether the action was brought within a reasonable time. He found it had not been.
*134 The Uniform Parentage Act was enacted in 1976 for the purpose "of equalizing the rights of all children, regardless of the marital status of the parents." Miller v. Sybouts, 97 Wn.2d 445, 447, 645 P.2d 1082 (1982); Linda D. v. Fritz C., 38 Wn. App. 288, 293, 687 P.2d 223, review denied, 102 Wn.2d 1024 (1984). RCW 26.26.040 provides in part:
Presumption of paternity. A man is presumed to be the natural father of a child if:
...
(3) After the child's birth, he and the child's natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and
(a) he has acknowledged his paternity of the child in writing filed with the registrar of vital statistics,
(b) with his consent, he is named as the child's father on the child's birth certificate, or
(c) he is obligated to support the child under a written voluntary promise or by court order;
Mr. Slinkard is the presumed father under (a), (b), and (c). RCW 26.26.040(5) provides that the presumption under this section may be rebutted only by clear, cogent, and convincing evidence.
RCW 26.26.060(1)(b) provides in part:
A man presumed to be a child's father under RCW 26.26.040 may bring an action for the purpose of declaring the nonexistence of the father and child relationship only if the action is brought within a reasonable time after obtaining knowledge of relevant facts.
[1] In determining whether the action was brought within a reasonable time after obtaining knowledge of relevant facts, a court must consider only the time period between the date the Uniform Parentage Act was passed and the date of the action. Miller, at 449. What constitutes a reasonable time depends on the facts and circumstances of each case. Miller, at 449.
Here, the court found Mr. Slinkard did not bring the action within a reasonable time. However, the court did not state this time expired before or after Mr. Slinkard *135 obtained knowledge of relevant facts or what those relevant facts were. Presumably, the court found Mr. Slinkard had knowledge of sufficient relevant facts because he knew he was a presumed father and apparently knew Ms. Garcia first applied for public assistance in 1973. However, we believe that before a presumed father is required to bring an action to disestablish paternity, facts must exist which cause him to believe he is not the biological father. The record in this case does not indicate whether such facts existed. Both the presumed father and the child have a compelling interest in an accurate determination of parentage. State v. Santos, 104 Wn.2d 142, 148-50, 702 P.2d 1179 (1985); see also Little v. Streater, 452 U.S. 1, 13, 68 L.Ed.2d 627, 101 S.Ct. 2202 (1981); Comment, Paternity Determinations in Washington: Balancing the Interests of All Parties, 8 U. Puget Sound L. Rev. 653, 660 (1984). Cf. McDaniels v. Carlson, 108 Wn.2d 299, 310, 738 P.2d 254 (1987). A presumed father cannot be barred from making this determination if he has no reason to believe he is not the biological father. We remand the case to the trial court to determine (1) the time at which Mr. Slinkard became aware of the facts which would lead him to reasonably believe he was not the father, and (2) whether he filed his action to disestablish paternity within a reasonable time thereafter. This holding makes it unnecessary for us to address Mr. Slinkard's remaining arguments.
The judgment is reversed; the case is remanded to the trial court for further action in accordance with this opinion.
THOMPSON, A.C.J., and GREEN, J., concur.
NOTES
[1] Ms. Garcia had applied for public assistance in 1973; Mr. Slinkard was sent a notice of his support obligation. Apparently he made no response. DSHS by affidavit states Ms. Garcia received public assistance from February 16, 1973, through April 30, 1973; May 7, 1974, through September 30, 1975; February 1, 1976, through April 30, 1982 and December 1, 1983, to the date of the affidavit, June 17, 1985. DSHS, with consideration of the statute of limitation, sought back support from July 1975 to May 1985 in the amount of $8,375.