L. CHARLES WRIGHT, Retired Appellate Judge.
In January 1985 K.W., present in court in answer to a paternity petition, admitted that he was the father of a child born out of wedlock to S.G. (mother). He was adjudicated the father and directed to pay child support. He did not appeal the adjudication. In November 1988 the mother told K.W. that he was not the father of the child. The mother, K.W., and the child submitted to blood tests to determine K.W.’s biological connection. The results of the blood tests excluded K.W. from being the biological father of the child.
In February, April, and July of 1989 K.W. filed motions in the Juvenile Division of the Circuit Court of Mobile County seeking relief from the January 1985 order. We consider those motions as Rule 60(b)(6), Alabama Rules of Civil Procedure, motions. They were denied. K.W. appealed the third denial to the Circuit Court of Mobile County. That court found that K.W. had the opportunity to request a blood test at the initial hearing but failed to do so. The court further determined that K.W.’s appeal of the 1985 order was untimely.
K.W. appeals. He asserts that the trial court erred in refusing to set aside the 1985 order of paternity. The State contends that the issue of paternity is res judicata between the parties because of the 1985 adjudication.
The doctrine of res judicata and its application to paternity actions is well established. Paternity cases espousing the doctrine can be divided into three subclasses. The first subclass is comprised of those cases in which paternity is decided within the parameters of a divorce action. In those cases the doctrine of res judicata is supported by the presumption that a child born of a marriage is the progeny of that marriage. The public policy behind such decisions is the protection of the family unit. See Ex parte Presse, 554 So.2d 406 (Ala.1989); Collier v. State ex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App.1984); Julian v. Julian, 402 So.2d 1025 (Ala.Civ. App.1981); Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App.1980). The second subclass is comprised of cases that do not involve a marital relationship. We have applied the doctrine of res judicata and upheld the initial order of paternity because the grounds submitted to rebut the initial order did not rise to such a level that relief could be granted. See Ex parte State ex rel. Morris, 571 So.2d 1146 (Ala. Civ.App.1990) (not represented by counsel at initial hearing); Ex parte State ex rel. Smith, 540 So.2d 69 (Ala.Civ.App.1989) (not represented by counsel at initial hearing, general averment of newly discovered evidence); Mitchell v. Morgan, 491 So.2d 981 (Ala.Civ.App.1986) (not represented by counsel at initial hearing); Aker v. State ex rel. Royster, 477 So.2d 437 (Ala.Civ.App. 1985) (averment that mother admitted that defendant was not the father of the child). The third subclass is comprised of those cases in which we have made exceptions to the general rule. See Ex parte ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App. 1990); Jones v. Jones, 525 So.2d 1380 (Ala. 1988); Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985).
We find that the facts of this case fall within the “exception to the general rule” subclass. We further find our recent decision in McKinney to be dispositive of this appeal.
The facts in McKinney reveal that in November 1977 Henry Smoot admitted that *857 he was the father of a child born out of wedlock to Nellie Jo McKinney. Smoot was adjudged to be the father of the child based on that admission. In 1989, while trying to conceive a child with his second wife, Smoot learned that he was sterile due to a physiological defect present since birth. He filed a Rule 60(b)(6) motion to have the 12-year-old paternity determination set aside. The trial court set aside the 1977 order and ordered that blood tests be taken to determine if Smoot could be the father of McKinney’s child. The State appealed the trial court’s grant of the Rule 60(b)(6) motion and alleged that since Smoot had not appealed the initial determination of paternity he was barred from reopening the issue of paternity because of the doctrine of res judicata.
We affirmed the trial court’s grant of the Rule 60(b)(6) motion. Noting that the decree was entered solely upon the stipulation of the parties, we determined that the mere admission of paternity by Smoot established little more than the fact that he had engaged in sexual intercourse with McKinney. Aware of the fact that the law placed a presumption of paternity upon Smoot due to his admission, we determined, nevertheless, that when an “agreed-to” paternity order is in serious doubt it is only fair and equitable to allow the more convincing evidence to rebut the presumption. We found the evidence concerning Smoot’s sterility to be more than convincing. Our affirmance was further supported by the fact there was no “family unit” to protect from disruption.
Here, as in McKinney, K.W. entered into an agreement stipulating that he was the father of the child. K.W. had no reason to doubt his paternity of the child until November 1988, when the mother informed him that he was not the father. That same month, the parties — with the mother’s acquiescence — submitted to blood tests which excluded K.W. from being the biological father of the child.
Applying the rationale of McKinney to the facts of this case, we find that the 1985 order of paternity, entered solely upon the stipulation of the parties, was without the necessary requisite proof to withstand a Rule 60(b)(6) motion based on the convincing evidence that K.W. could not possibly be the father of the child. In reaching this determination we reiterate the following language found in McKinney:
“We are fully aware that the Rule 60(b)(6) motion has been authorized and used to prevent a child from being bastardized; but surely the same rationale could be used to prevent a man from being adjudged the father of a child of whom he could not naturally, physically, or scientifically be the father.... To allow such a result would certainly be as great a miscarriage of justice as it would be to allow a child to be bastardized. The importance of the use of presumptions to place a duty upon a man would obviously diminish in a situation where, as here, there was no ‘family unit’ to protect from disruption.”
To further support its argument for af-firmance, the State asserts that the facts of this case do not lend themselves to an “extraordinary” disposition within the meaning of Rule 60(b)(6). The State further avers that the Rule 60(b)(6) motion was untimely.
In McKinney we found that the extraordinary circumstances presented by the facts of that case supported the extraordinary relief authorized by Rule 60(b)(6). As to the timeliness of the Rule 60(b)(6) motion in McKinney, we determined that Smoot had a valid reason for not taking appropriate action at an earlier date and that the trial court could have reasonably concluded that Smoot filed his motion within a few months after he received the doctor’s report concerning his sterility. We further found that there was no evidence to indicate that Smoot knew or should have attempted to discover that he was not the child’s father. We find the McKinney rationale concerning the utilization of and the timeliness of Rule 60(b)(6) to be dispositive of the Rule 60(b)(6) issues presented in this appeal.
Our holding should not be construed as overruling our previous holdings that an adjudication of paternity is generally res *858 judicata. We find, however, that the extraordinary circumstances presented by the facts of this case require the granting of relief to the movant. We do not consider that a mandate from this court commanding that K.W. love and support the child as his own would be in the best interests of the child or in the best interests of justice and equity. Accordingly, this case is reversed and remanded for the trial court to set aside the 1985 order.
We hasten to iterate that we do not intend that our decision here nor those of McKinney and Cobum should leave the impression that all paternity judgments entered without strict proof of paternity (blood tests) are subject to be set aside upon a Rule 60(b)(6) motion. Each of such cases must be considered by the court according to the elements of a Rule 60(b)(6) motion as defined by the rule and as we discussed in Coburn.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.