RUSSELL, Judge.
In September 1988 the State of Alabama ex rel. R.A.L. (mother) filed a complaint in the Juvenile Court of Mobile County for reimbursement of child support against B.G.A., the putative father of the minor child, L.D.A. In April 1989, following a hearing at which B.G.A. failed to appear, the juvenile court entered a default judg *876 ment against B.G.A., finding L.D.A. to be B.G.A.'s legal child and awarding the State the amount of $7,633 for reimbursement of child support that had been paid in the form of Aid to Families with Dependent Children.
In a separate proceeding in June 1989, at which B.G.A. was present with counsel, the Juvenile Court of Clarke County entered an “Order Establishing Paternity,” finding B.G.A. to be the father of L.D.A. and ordering him to begin paying child support in the amount of $8 per week. An income withholding order was issued to B.G.A.’s employer at this time. B.G.A. did not appeal from the judgments of either of the juvenile courts.
In October 1989 the State filed a contempt petition against B.G.A. in the Juvenile Court of Mobile County, alleging that B.G.A. had failed to reduce the judgment amount that had been entered against him in April 1989. Following several continuances a hearing on the matter was held in April 1990. In an order dated April 2, 1990, the juvenile court stated that B.G.A. was under a court order to pay the State’s judgment for past support of L.D.A. The court then allowed the State to file an amended petition to seek current support for L.D.A., giving B.G.A. 30 days to answer the amended petition. Although he stated several defenses in his answer to the State, B.G.A. nowhere denied that he was L.D.A.’s biological father.
Following a hearing held on May 7, 1990, the juvenile court entered a judgment ordering B.G.A. to begin paying $100.50 per month in current child support and $25 per month toward an arrearage of $7,435.46. From the judgment of the juvenile court, B.G.A. filed a notice of appeal with the Circuit Court of Mobile County on May 22, 1990. The issue of paternity was not raised in the notice of appeal.
In June 1990, pending the appeal, B.G.A. filed a motion in the circuit court, alleging for the first time since the commencement of the recorded proceedings that he was not the biological father of L.D.A. and requesting a blood test to determine paternity. The motion was granted, and the results of a blood test were filed in the circuit court in December 1990.
At a hearing held on March 15, 1991, the circuit court denied the State’s motion to exclude the results of the blood test. Based apparently upon the assertion by B.G.A.’s counsel at this hearing that the results of the blood test (a copy of which is in the record) excluded B.G.A. as the father of L.D.A., the circuit court then found that it had jurisdiction under Rule 60(b), Alabama Rules of Civil Procedure, to grant relief to B.G.A. and, without hearing further evidence, set aside all prior adjudications involving support of the minor child and held that the issue of paternity was to be retried. The State’s post-trial motions were denied. The State now appeals to this court. We reverse and remand.
The State contends that the circuit court committed reversible error when it set aside all previous adjudications involving the support of the minor child. We agree.
We find the line of cases including Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991); Collier v. State ex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App.1984); and Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App.1980), to be dispositive of this appeal. In these cases the courts of this state have held that the parties to a final judicial determination of paternity are barred by the doctrine of res judicata from relitigating the issue of paternity in subse.-quent proceedings.
The elements of res judicata are: the same parties, the same subject matter, and a judgment on the merits by a court of competent jurisdiction. First State Bank of Altoona v. Bass, 418 So.2d 865 (Ala.1982). Once these elements are met, the former judgment becomes an absolute bar to any subsequent suit on the same matter. Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984).
The elements of res judicata are clearly met in the present case. It is undisputed that L.D.A., the minor child whose paternity is at issue here, was born in 1978 during the marriage of R.A.L. and B.G.A. Accordingly, it is presumed under public *877 policy in this state that L.D.A. is the legitimate offspring of B.G.A. See § 26-17-5, Ala.Code 1975; Leonard v. Leonard, 360 So.2d 710 (Ala.1978). This presumption may be rebutted, at a procedurally proper time and place, only “by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father.” Leonard, 360 So.2d at 712. Typically, the issue of paternity is considered to be adjudicated in a divorce decree. See, e.g., Collier, 454 So.2d 1020; Stewart, 392 So.2d 1194. It appears from several references in the record on appeal that R.A.L. and B.G.A. obtained a divorce in September 1981; however, the divorce decree has not been made a part of the record. Nonetheless, the presumption of paternity has been repeatedly confirmed through numerous other judicial proceedings, in which the same parties litigated the same subject matter as was placed in issue by B.G.A.’s motion of June 1990.
The courts of both Mobile and Clarke Counties have rendered valid final judgments establishing the issue of paternity. The 1989 order of the Juvenile Court of Mobile County contains language deeming L.D.A. to be B.G.A.’s “legal child,” while the order of the Clarke County Juvenile Court in that same year states that “the court is of the opinion and finds that the defendant is the father of said minor child and is obligated to pay child support for the minor child.... It is therefore ordered by the court as follows: B.G.A., defendant, is the father of L.D.A.” Accordingly, for over two years, B.G.A. has been under court orders to reimburse the State for its support of L.D.A. Moreover, B.G.A. appeared with counsel in several proceedings after April 1989 in order to address issues related to child support, and even filed an answer to the State’s contempt petition, without ever contending that he was not L.D.A.’s biological father, despite the fact that during one of these proceedings he contended that he was not the father of another child born to R.A.L.
Because there has been a divorce between B.G.A. and R.A.L., various adjudications of paternity, and several petitions for child support, we hold that the doctrine of res judicata now applies to the question of L.D.A.’s paternity and that B.G.A. was therefore barred from relitigating the issue through his motion of June 1990.
We recognize that this court has, in rare instances, allowed paternity to be challenged through a motion made pursuant to Rule 60(b), A.R.Civ.P. See, e.g., K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App.1991); Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990). However, the present case was not before the circuit court on a Rule 60(b) motion, but rather was on appeal from the juvenile court. Furthermore, because the minor child whose paternity is at issue here was born during the parties’ marriage and because B.G.A. now seeks to have the child held illegitimate, we find that this case does not fall within the subclass of cases that warrant an exception to the doctrine of res judicata and require the extraordinary relief available through Rule 60(b). See Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985). The public policy behind such a decision is the protection of the family unit and the stated principle that it is not just to hold a child illegitimate unless there is no judicial escape from that conclusion. Ex parte Presse, 554 So.2d 406 (Ala.1989); Curry v. Curry, 402 So.2d 1019 (Ala.Civ.App.1981).
As a final matter, we note that the State contends that B.G.A.’s appeal to the circuit court on May 22, 1990, from the order of the Juvenile Court of Mobile County was untimely and that therefore jurisdiction never attached to the circuit court. We disagree.
Rule 28(C), Alabama Rules of Juvenile Procedure, provides that written notice of appeal shall be filed within 14 days of the “judgment, order or decree appealed from.” Furthermore, Rule 58(c), A.R.Civ. P., provides that “[njotation of a judgment or order on separately maintained bench notes or in the civil docket ... constitutes the entry of the judgment or order.” The juvenile court rendered its judgment by means of a separate written document dat *878 ed May 7, 1990. However, the date of the filing of the judgment with the clerk of the juvenile court is not available; moreover, there is no case action summary with a notation that would assist this court in answering this question. Because we are unable to determine with certainty the exact date on which the juvenile court’s order was entered, we cannot find that B.G.A.’s appeal to the circuit court was untimely filed. Accordingly, we do not find that the trial court erred in concluding that it had subject matter jurisdiction to hear B.G.A.’s appeal.
However, for the previously noted reasons, we conclude that the trial court erred when it set aside the adjudications involving the support of L.D.A. and held that the issue of L.D.A.’s paternity was to be retried. The courts have previously adjudicated the matter of L.D.A.’s paternity; the determination of the parent and child relationship between B.G.A. and L.D.A. is determinative for all purposes. See § 26-17-14(a), Ala.Code 1975.
The judgment of the trial court is reversed, and the cause is remanded with instructions to the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.