ROBERTSON, Presiding Judge,
dissenting.
The trial court entered an order for the mother, W.J., and the minor child to submit to HLA blood testing to determine if W.J. is the father of the minor child. Neither the State nor the mother sought a writ of mandamus for relief from that order. The court-ordered blood tests proved conclusively that W.J. “cannot be the biological father of the child.”
The trial court empaneled an advisory jury pursuant to Rule 39, Alabama Rules of Civil Procedure, and, after an ore tenus proceeding, the jury returned a finding that W.J. was not the father of the minor child. The trial court agreed and entered judgment accordingly granting W.J. Rule 60(b) relief.
The State argues on appeal that the doctrines of res judicata and estoppel should have been applied in this case. The State also argues that the trial court abused its discretion by granting W.J. relief under Rule 60(b) from the 1981 consent judgment.
Recently, in K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App.1991), this court stated that:
“The doctrine of res judicata and its application to paternity actions is well established. Paternity cases espousing the doctrine can be divided into three subclasses. The first subclass is comprised of those cases in which paternity is decided within the parameters of a divorce action. In those cases the doctrine of res judicata is supported by the presumption that a child born of a marriage is the progeny of that marriage. The public policy behind such decisions is the protection of the family unit.... The second subclass is comprised of cases that do not involve a marital relationship. We have applied the doctrine of res judicata and upheld the initial order of paternity because the grounds submitted to rebut the initial order did not rise to such a level that relief could be granted.... The third subclass is comprised of those cases in which we *358 have made exceptions to the general rule.”
K.W., 581 So.2d at 856 (citations omitted).
As in K. W, I would hold that the facts of this case fall within the third subclass.
The State relies heavily on Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991), for the proposition that the paternity of the child is res judicata. Harrell, however, did not involve the use of a Rule 60(b) motion. Furthermore, we note that the supreme court in Harrell acknowledged that paternity judgments, usually subject to the doctrine of res judicata, have been challenged successfully through the use of Rule 60(b). See Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985). Applying the rationale of K.W. to the facts in this case, I would find that the 1981 paternity order which found W.J. to be the father of the minor child based on his admission of paternity, became an exception to the general rule of res judicata based on the court-ordered medical evidence that revealed that W.J. could not possibly be the biological father of the child.
The granting of Rule 60(b) relief is within the sound discretion of the trial court, and a strong presumption of correctness attaches to the trial court’s grant of a Rule 60(b) motion. Buchanan v. Collier, 571 So.2d 1068 (Ala.1990). Our review is limited to whether the trial court abused that discretion in granting the motion. Buchanan. I would find no such abuse in this case.
Also, disallowing W.J. relief from this judgment is not going to make him continue to be a father to this child. To the contrary, since the State’s obvious goal in this matter is to force W.J. to continue making child support payments, he will probably become embittered at both the mother and the child.
The best interests of the child in this case could best be served by setting this judgment aside and the State pursuing the real father. Because of modern medical advancements, it is very important for the child to know now and as an adult whether the child’s biological father has any health problems that could be hereditary. Also, the true biological father may be financially capable of providing the child with a college education. See Ex parte Jones, 592 So.2d 608 (Ala.1991).
Therefore, I respectfully dissent.