HORNSBY, Chief Justice.
We granted W.J.’s petition for a writ of certiorari to the Court of Civil Appeals to review the propriety of granting Rule 60(b), Ala.R.Civ.P., relief from a prior paternity adjudication. The trial court granted the relief in 1991, after an advisory jury found that W.J. was not the father of a child born out of wedlock to G.J.; the trial court set aside a 1981 paternity adjudication. The Court of Civil Appeals reversed the trial court’s order, holding that the doctrine of res judicata bars the relitigation of paternity in this case. 622 So.2d 353.
The record shows that in 1978 G.J. gave birth to the child whose paternity is disputed in this case. In 1981, the State, on the relation of G.J., brought a paternity action against W.J., who G.J. alleged was the father. Pursuant to an agreement with *360 G.J., W.J. admitted that he was the father of a child born out of wedlock to G.J. Based on that admission, the Juvenile Division of the Circuit Court of Russell County-adjudged him to be the father of the child and, on July 8,1981, it ordered him to make child support payments of $20 per week. He did not appeal the adjudication. On May 24, 1989, the court modified the order, increasing the child support payments to $40 per week.
It is undisputed that W.J. complied with both orders until May 1990, after he received the results of a DNA probe analysis. In December 1989, W.J. told the child that he (the child) was ill and took him to a doctor’s office, where they both received DNA tests to determine paternity. The results of the tests conclusively excluded him as the biological father of the minor child.
In March 1990, W.J. petitioned the juvenile court to modify or set aside the 1981 order adjudging him to be the father of the minor child.[1] Based on the DNA test results, the court set aside the 1981 order. On appeal to the Circuit Court of Russell County for a trial de novo, the court excluded the DNA test results, based on the lack of an evidentiary foundation, and ordered the mother, the child, and W.J. to undergo human leukocyte antigen (“HLA”) blood tests. Those results establish that W.J. lacks the leukocyte antigens A29 and B44, both of which are present in the child and are absent in the mother; accordingly, W.J. cannot be the biological father of the child.
The trial court empaneled an advisory jury pursuant to Rule 39, A.R.Civ.P., and held a hearing to determine whether W.J. was the biological father of the minor child. The jury found that W.J. was not the father. The trial court entered a judgment granting Rule 60(b) relief, setting aside the 1981 adjudication and the child support order.
The Court of Civil Appeals, with an opinion by Judge Thigpen, reversed, holding that the doctrine of res judicata barred relitigation of the issue of paternity, because the 1981 order had established that W.J. is the legal father of the child. Presiding Judge Robertson filed a dissenting opinion, stating that he would consider these facts to justify an exception to the general rule that the doctrine of res judica-ta applies to paternity orders.
The trial court’s ruling on a Rule 60(b) motion is entitled to a presumption of correctness, and it will not be reversed on appeal absent an abuse of discretion. Buchanan v. Collier, 571 So.2d 1068 (Ala.1990); Ex parte Dowling, 477 So.2d 400, 402 (Ala.1985). Rule 60(b) relief is an extraordinary remedy permitted only in exceptional circumstances where sufficient equitable grounds exist for granting relief. Textron, Inc. v. Whitfield, 380 So.2d 259, 260 (Ala.1979).
The doctrine of res judicata prevents the same parties from relitigating issues determined by a court of competent jurisdiction. Although this doctrine could preclude a party from showing what is or could be the truth, the interest of putting an end to controversies after a fair and thorough hearing generally outweighs the factfinding interest after the time for appeal has lapsed, except in rare circumstances. In those rare circumstances, Rule 60(b) makes available relief from a prior judgment. See, e.g., Jones v. Jones, 525 So.2d 1380 (Ala.1988). Rule 60(b) sets forth six grounds for which relief from a judgment may be granted. The State argues that W.J.’s motion does not fit within any of those six categories.
W.J. argues that the recently obtained blood tests constitute “newly discovered evidence” within the meaning of Rule 60(b)(2). The State argues that, with due diligence, W.J. could have obtained the blood tests in 1981; therefore, the State *361 argues that W.J.’s motion was not timely filed and should have been dismissed.
HLA blood tests were widely available in 1981. See Balfour v. Balfour, 413 So.2d 1167, 1168 (Ala.Civ.App.1982). Further, W.J. had a statutory right to request a blood test when, despite his doubts, he admitted paternity in 1981. See Ala.Acts 1961, Act No. 295, p. 2353, § 5 (effective September 15, 1961), repealed by Ala.Acts 1984, Act No. 84-244, p. 375, § 22 (adopting Uniform Parentage Act, which expressly permits use of HLA blood test) (effective May 7, 1984). Therefore, we hold that, by due diligence, W.J. could have discovered this evidence in time to move for a new trial under Rule 59(b), A.R.Civ.P.
W.J. also contends that G.J.’s testimony to the court that W.J. was the father of this child, when, he says, she knew that he was not, constitutes fraud justifying relief from the 1981 judgment, pursuant to Rule 60(b)(3). Motions for relief brought under Rule 60(b)(2) or (b)(3) are subject to a time limitation. Rule 60(b) reads: “The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.” W.J.’s motion for relief on the grounds of “newly discovered evidence,” pursuant to Rule 60(b)(2), or fraud, pursuant to 60(b)(3), was filed long beyond the four-month time limit.
W.J. also argues that he is entitled to relief under Rule 60(b)(6), which provides that the court may grant relief from a judgment for “any other reason justifying relief from the operation of the judgment.” The State contends that W.J.’s motion was untimely filed, coming, as it did, more than 10 years after the initial order, and, the State says, without a valid reason for the delay.
A motion under Rule 60(b)(6) must be brought “within a reasonable time” after the entry of the judgment. What constitutes a “reasonable time” depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to other parties. Adams v. Farlow, 516 So.2d 528 (Ala.1987), cert denied, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). In addition, the doctrine of laches, which denies equitable relief to one guilty of unconscionable delay in asserting a claim, applies to Rule 60(b) motions. Waldrop v. Waldrop, 395 So.2d 62 (Ala.1981). We note further that the broad power granted by Rule 60(b)(6) is not granted for the purpose of relieving a party from free, calculated, and deliberate choices. Tichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20 (Ala.Civ.App.1974), cert. denied, 293 Ala. 775, 307 So.2d 24 (1975).
The trial testimony by W.J. and the social worker who handled G.J.’s case support a finding that W J. had no valid reason for his delay in challenging the 1981 order. W.J. testified as follows:
“Q. Did you have some doubts at that time [when G.J. told you in 1978 that you were the father] — reason to doubt [G.J.]?
“A. Yes, I did.
[[Image here]]
“Q. ... So you knew all along that you were not the father?
“A. I had my doubts. But I didn’t know how to go — the way about doing it because I was young and stuff and I was trying to go to college and all that.
[[Image here]]
“A. I had doubts, but I just did not want to go in front of no judge or nothing like that, you know.”
The social worker with the Department of Human Resources (“DHR”) who in 1991 was handling G.J.’s case, testified that notations in the case file indicate that W.J. had visited on May 8, 1981, with the social worker who was then handling G.J.’s case, and on that visit expressed doubt that he was the father of the child. The 1991-social worker testified that the social worker who handled the case in 1981 entered in the case file the following comments:
“[W.J.] admitted to messing or fooling around with [G.J.] He said he did have relations with her, but she was seeing *362 other men. They never went together and just fooled around. He was not sure if the child was his. He could be, but said he would deny and request blood tests.
“The worker explained the Court procedure, and he offered to just pay the worker the support. When I explained that it would have to be Court ordered by the Judge, he said he did not want to go to Court.”
The social worker testified that W.J. later spoke with G.J. and agreed to support the child and to stipulate to paternity.
W.J. himself testified that as early as May 1981, even before the paternity order was entered, he had reason to doubt that he was the father. These facts differ substantially from the cases of K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App. 1991), and Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990), in which there was no evidence that at an earlier date the alleged father had doubted or had had reason to doubt that he was the father.
Because W.J. failed to appeal the 1981 judgment, and because he failed to seek relief from that judgment pursuant to Rule 60(b)(6) within a reasonable time, we hold that W.J.’s motion was untimely filed and should not have been considered by the trial court. Our review of other states' opinions regarding the finality of paternity adjudications supports this holding. People in Interest of S.L.H., 736 P.2d 1226 (Colo.App.1986) (holding that a five-year statute of limitations strictly applies to a challenge of paternity of a child born during marriage); State Dep’t of Health & Rehabilitative Services v. Sadiki, 561 So.2d 304 (Fla.Dist.Ct.App.1990) (child support obligor who admitted paternity was not entitled to HLA blood tests to challenge paternity 12 years later); Gearing v. Gearing, 261 Ga. 250, 403 S.E.2d 809 (1991) (holding that once there has been a final determination of paternity, a party may not relitigate that issue without first showing, inter alia, that his failure to contest paternity earlier was not the result of lack of due diligence); In re Marriage of Beckett, 195 Ill.App.3d 424, 142 Ill.Dec. 25, 552 N.E.2d 375, appeal denied, 133 Ill.2d 552, 149 Ill.Dec. 316, 561 N.E.2d 686 (1990) (husband in marriage dissolution proceeding was barred by a two-year statute of limitations from seeking a determination that he was not the father of two minor children born during marriage, where the applicable statute provided that “An action to declare the non-existence of the parent and child relationship shall be barred if brought later than two years after the petitioner obtains knowledge of the relevant facts”); State ex rel. Iowa Dep’t of Human Services v. Mundie, 436 N.W.2d 60 (Iowa 1989) (holding that a five-year statute of limitations strictly applies to bar subsequent paternity challenges); Farrell v. Farrell, 555 So.2d 39 (La.App.1989) (holding that the time limitation imposed by statute applies to filing suit for disavowal of paternity); Hackley v. Hackley, 426 Mich. 582, 395 N.W.2d 906 (1986) (holding that, under the doctrine of res judicata, a party cannot withhold a defense to be used in retrial of paternity dispute when that defense could have been raised in prior suit); Reynolds v. Reynolds, 454 N.W.2d 271 (Minn.App.1990), review granted, aff'd in part, rev’d in part, 458 N.W.2d 103 (Minn.1990) (putative father’s attempt to challenge paternity more than three years after children were born is barred by the applicable statute of limitations); Atwood v. Hicks, 538 So.2d 404 (Miss.1989) (court-approved settlement of paternity and support actions could be reopened, long after the fact, only upon proof of fraud, sham, pretense, or collusion in the procurement); Watts v. Watts, 115 N.H. 186, 337 A.2d 350 (1975) (rules permitting rebuttal of presumption of legitimacy of children by blood tests did not apply to permit husband to escape liability for support of two children where he had acknowledged paternity of the children for over 15 years); Sandy M. v. Timothy J., 138 Misc.2d 338, 524 N.Y.S.2d 639 (N.Y.Fam.Ct.1988) (paternity order could not be vacated on grounds that recently administered blood tests constituted newly discovered evidence, because alleged father had not availed himself of the opportunity to request blood tests before the birth of the *363 child); Cole v. Cole, 90 N.C.App. 724, 370 S.E.2d 272, review denied, 323 N.C. 475, 373 S.E.2d 862 (1988) (alleged father’s admission of paternity is res judicata as to subsequent challenge even though he had had a vasectomy before the time of conception); State ex rel. Alvarez v. Jiminez, 779 P.2d 175, 98 Or.App. 253 (1989) (man was not entitled to have judgment of paternity set aside because he was aware at the original hearings that there were two or three other men who might have had sexual relations with the mother, and he did not present evidence on the paternity issue but voluntarily, knowingly, and intelligently chose not to do so and then waited seven years before seeking to have judgment set aside); Wachter v. Ascero, 379 Pa.Super. 618, 550 A.2d 1019 (1988) (absent an appeal taken directly from support order or a showing of fraud, alleged father was foreclosed from later challenging a prior paternity determination made in child support hearing); Gardner v. Gardner, 371 Pa.Super. 256, 538 A.2d 4 (1988), appeal denied, 521 Pa. 605, 555 A.2d 115 (1988) (generally, once order for child support is entered and no appeal is taken, man cannot assert lack of paternity as basis for terminating support payments, notwithstanding that blood test shows that he was not the natural father); Hupp v. Hupp, 239 Va. 494, 391 S.E.2d 329 (1990) (accord); In re Paternity of K., 51 Wash.App. 131, 752 P.2d 393 (1988) (in determining whether an action to challenge paternity was brought within a reasonable time after obtaining knowledge of relevant facts, as required by statute, before the presumed father is required to bring action to disestablish paternity, facts must exist that cause presumed father to believe he is not the biological father).
While we acknowledge that in other cases facts may present exceptional circumstances for which Rule 60(b)(6) relief might be available, WJ.’s unreasonable delay bars his relief in this case. Accordingly, we affirm the judgment of the Court of Civil Appeals reversing the trial court’s order granting Rule 60(b) relief.
AFFIRMED.
SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON and HOUSTON, JJ., dissent.

. The State defended the petition and opposed the modification. The trial court denied WJ.’s motion to appoint a guardian ad litem for the minor child, on the ground that the child’s interests were substantially similar to the mother’s and that the child’s interests were adequately protected. The parties do not challenge the ruling denying a guardian.