623 So.2d 722 (1993)
Ex Parte STATE of Alabama ex rel. G.M.F.
(Re W.F.F. v. G.M.F.)
1920914.
Supreme Court of Alabama.
June 25, 1993.
William Prendergast and Mary E. Pons, Asst. Attys. Gen., for petitioner.
Jacob A. Walker III of Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, for respondent.
ALMON, Justice.
The State of Alabama ex rel. G.M.F. petitions this Court for a writ of mandamus directing the Honorable Robert M. Harper, circuit judge for Lee County, Alabama, to rescind an order directing that the parties submit to blood testing.
W.F.F. and G.M.F. were divorced on August 22, 1983. G.M.F., the wife, was awarded custody of T.F., the only child born during the marriage, pursuant to the "Agreement of the Parties" that was part of the divorce proceedings. W.F.F. was ordered to pay child support.
On March 18, 1992, almost nine years later, W.F.F.'s lawyer filed a "Joint Motion to Amend Divorce Decree." The motion asked the court to relieve W.F.F. from paying child support, based on the following affidavit:
"My name is [G.M.F.] and I am the Defendant in the divorce of [W.F.F.] v. [G.M.F.], Civil Action No. DR-83-423. I was married to [W.F.F.] but he is not the father of [T.F.] I have no objection to him being relieved of the duty to pay child support for [T.F.] I have contacted the *723 Lee County Department of Human Resources in order to pursue child support collection from the natural father of [T.F.] I am in complete agreement with the Joint Motion to Amend Divorce Decree with respect to Paragraphs 1 and 2 of the agreement. I further have no objection to taking a blood test."
The materials before us do not show whether the court ruled on this motion to amend.
On August 3, 1992, W.F.F. filed a motion to set aside the divorce judgment pursuant to Rule 60(b), Ala.R.Civ.P., based on G.M.F.'s affidavit. The motion sought either an order stating that W.F.F. is not T.F.'s father or an order appointing a guardian ad litem for T.F. to commence paternity proceedings against the man believed to be T.F.'s natural father.
In September 1992, the State of Alabama Department of Human Resources filed a motion to intervene in the proceedings on the grounds that G.M.F. had assigned her rights to child support payments to the Department. The State was allowed to intervene as an interested party pursuant to Rule 24(a)(2), Ala.R.Civ.P.[1] The State filed both an opposition to W.F.F.'s Rule 60(b) motion and a motion for summary judgment, arguing that the doctrine of res judicata prevents the relitigation of a final paternity judgment.
In January 1993 Judge Harper denied the State's motion for summary judgment and ordered the parties to submit to blood testing. The State filed a motion for reconsideration, which was denied. The State then petitioned the Court of Civil Appeals for a writ of mandamus directing Judge Harper to rescind his order. The Court of Civil Appeals denied the State's petition, without opinion.
It is well established that the doctrine of res judicata applies to determinations made in paternity proceedings. When the parties in a present proceeding have previously litigated a matter and have previously received a final adjudication of that matter from a court of competent jurisdiction, the doctrine of res judicata bars those parties from challenging in the present action the prior adjudication. Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991). In this case the 1983 divorce judgment included an order for W.F.F. to pay child support. This is a judicial determination of paternity qualifying for res judicata finality.
In some rare instances the Court of Civil Appeals has, based on Rule 60(b), Ala.R.Civ. P., relieved a party from the res judicata effect of a judgment or order adjudicating paternity. That court has required extraordinary circumstances to justify application of this exception to the doctrine of res judicata. In deciding what circumstances are extraordinary, the court generally looks to both the basis of the previous determination and the validity of the recent developments suggesting a need for Rule 60(b) relief. Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala. Civ.App.1990); K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App.1991).
In Ex parte State ex rel. McKinney, supra, the child was born out of wedlock. The original paternity determination was based on a stipulation of the parties. The paternity determination was therefore more readily subject to a Rule 60(b) challenge than it would have been if the mother and adjudged father had been married. There is no common law presumption of paternity when a child's mother is unmarried, as there is when the mother is married. Ex parte State ex rel. McKinney, supra. In denying the State's petition for a writ of mandamus to set aside the order granting the adjudged father's Rule 60(b) motion, the court in McKinney also considered the adjudged father's recently discovered sterility. The combination of the absence of a presumption supporting the initial determination and the conclusive nature of the new evidence was deemed to qualify as an extraordinary circumstance meriting Rule 60(b) relief from the res judicata effect of the prior judgment.
*724 This Court in Ex parte W.J., 622 So.2d 358 (Ala.1993), held that W.J. could not relitigate a paternity determination, even in the face of conclusive evidence that W.J. could not have been the child's biological father. The child was born out of wedlock and the earlier judgment held W.J. to be the father. Years later, both a DNA test and a blood test established that W.J. was not the child's biological father. This Court acknowledged that these facts did present exceptional circumstances; however, this Court held that W.J. could not obtain Rule 60(b) relief from that earlier judgment because he had waited nine years to file his Rule 60(b) motion. "Because W.J. failed to appeal the 1981 order or the order increasing child support, and because he failed to seek relief from that judgment pursuant to Rule 60(b)(6) within a reasonable time, we hold that W.J.'s motion was untimely filed and should not have been considered by the trial court." Ex parte W.J., 622 So.2d at 362. Not only must an adjudged father present extraordinary circumstances for Rule 60(b) relief from a final judgment of paternity; he also must request that relief within a reasonable time.
W.F.F. and G.M.F. were married when T.F. was born. The original paternity determination, therefore, was supported by the common law presumption that the mother's husband was the father. "This presumption may be rebutted, at a procedurally proper time and place, only `by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father.'" State ex rel. R.A.L. v. B.G.A., 591 So.2d 875, 877 (Ala.Civ.App.1991), quoting Leonard v. Leonard, 360 So.2d 710 at 712 (Ala.1978). Aside from the fact that W.F.F. has not sought relief in "a procedurally proper time and place," we note that the evidence W.F.F. has to support his Rule 60(b) motion is only G.M.F.'s documented belief that W.F.F. is not T.F.'s father. This evidence is inadequate to justify the granting of extraordinary relief under Rule 60(b). Not only did W.F.F. fail to show extraordinary circumstances, he waited nine years to seek relief from the judgment. Nine years is an unreasonably long delay. Ex parte W.J., 622 So.2d at 363. This situation does not qualify for Rule 60(b) relief from the divorce judgment, because the evidence supporting this new belief is intrinsically inconclusive and because the petitioner waited nine years to ask for a reevaluation of paternity.
An adjudication of paternity is res judicata. The Court of Civil Appeals has granted exceptions to this in very rare instances where the moving party has shown extraordinary circumstances justifying Rule 60(b) relief. For the reasons stated above, however, the paternity question in this case should not be opened for readjudication.
WRIT GRANTED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
NOTES
[1] Even though the State takes a position opposed to G.M.F.'s position as stated in her affidavit and in the joint motion to amend, it has styled its petition as "Ex parte State of Alabama ex rel. G.M.F." Presumably this choice of style derives from the fact, stated in the motion to intervene, that G.M.F. has assigned to the State her right to child support payments as a condition of receiving aid to families with dependent children. See Ala.Code 1975, § 38-10-4.