HOUSTON, Justice
(concurring in the result).
I dissented in Ex parte W.J., 622 So.2d 358, 364 (Ala.1993), stating:
“Should we hold that the trial court abused its discretion in determining that truth should not be time-barred and ruling that W.J. was not legally responsible to continue to reimburse the state? I think not.
*875 “... In this case, when no memories have faded, no witnesses have disappeared or died, and no evidence has been lost, I cannot hold that the trial court abused its discretion when it refused to sacrifice ‘truth’ on the altar of expediency.”
I do not think that the record contains conflicting evidence regarding the number of blood tests, the results, or the origin and authenticity of the results. I am satisfied from the undisputed evidence that R.D.B. is not the biological father of the child whom he has been ordered to support. Therefore, I am faced with the stand-up problem of whether I can hold that the trial court abused its discretion in this paternity ease, when it followed the established procedural law and turned its back on substantive truth.
In Ex parte Frazier, 562 So.2d 560, 565-66 (Ala.1989), we wrote:
“In Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628, 1631, 14 L.Ed.2d 543 (1965), the Supreme Court of the United States noted:
“ ‘Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the sine qua non of a fair trial. Over the centuries Anglo-American courts have devised careful safeguards by rule and otherwise to protect and facilitate the performance of this high function.’
“Later, in Briscoe v. LaHue, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983), the Court, quoting Justice White’s concurring opinion in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), again acknowledged what has been considered elementary since the days of Blackstone — that ‘[i]t is precisely the function of a judicial proceeding to determine where the truth lies.’ The Court in Bris-coe further noted that courts, in general, have the ability, pursuant to carefully developed procedures, to separate truth from falsity, and that it is extremely important in both criminal and civil cases to accurately resolve the factual disputes between the parties. 460 U.S. at 335, 103 S.Ct. at 1115.”
New scientific tests have been developed to ascertain whether a particular man is the biological father of a certain child. The results of these tests are generally admissible as evidence in the courts of Alabama. Does a man’s failure to avail himself of these tests and to introduce evidence of the results of the tests in a paternity action prohibit him from availing himself of this evidence at a later date and then attempting to stop payment of unaccrued child support payments by presenting this evidence in support of his Rule 60(b)(6) motion? Ordinarily, I would think not.
However, how far does a trial court have to go to protect a man against himself? R.D.B. allowed a default judgment to be taken against him in the paternity action. He was ordered to pay support. He did not appeal and he did not comply with the order. He faded to pay support. A contempt order was entered against him. He did not appeal another adjudication of contempt for nonpayment of child support that was entered against him, and he was incarcerated. R.D.B. then filed a Rule 60(b) motion, seeking relief from the order establishing paternity, and this motion was granted by the juvenile court. The mother appealed to the circuit court. A hearing was set in the circuit court, but R.D.B. failed to appear. After that hearing, the circuit court entered another paternity judgment against R.D.B. He did not appeal from that judgment. Subsequently, R.D.B. filed the Rule 60(b)(6) motion that was denied; this was reversed by a divided Court of Civil Appeals; and that action by the Court of Civil Appeals is the basis of this certiorari review now before this Court. After carefully reviewing the arguments presented in light of the above, I cannot hold that the trial court abused its discretion in this case. Therefore, I concur in the result.