CRAWLEY, Judge,
dissenting.
I do not agree that M.A.B. is entitled to have his 1986 paternity adjudication set aside pursuant to § 26-17A-1, Ala.Code 1975.
M.A.B. has not only acknowledged this child for ten years, but has developed an extremely close relationship with him. The mother testified that J.B. “worships the ground [M.A.B.] walks on.” She said that the child had been hurt because M.A.B. had not exercised his visitation rights during the pendency of the paternity action. The mother also stated that the boy had failed the fourth grade the preceding year largely because of his distress over the paternity proceedings. She testified that the child “doesn’t get along with his step-daddy because he worships his daddy too much.” The mother also said that the child had told her that he “wouldn’t ever have another daddy.” M.A.B. did not seek to have the prior paternity judgment set aside until the mother sought an increase in child support.
In Ex parte State ex rel. A.T. v. E.W., 695 So.2d 624 (Ala.1996), our supreme court held that § 26-17A-1 was not “designed to relieve a man from a deliberate and calculated choice he made years earlier, simply because he is now unwilling to pay support.” 695 So.2d at 625-26.
It is true, as Judge Yates states, that E.W. is distinguishable. E.W. had doubts about whether he had fathered the child in question from the very beginning, yet he acknowledged paternity anyway. M.A.B., on the other hand, had no doubt that he had fathered the child until about a year before he sought relief. That distinction, however, may not be sufficient to justify a difference in outcome here.
Our supreme court has routinely denied relief from a paternity judgment to men like E.W. who chose to accept the responsibility *648 of legal fatherhood despite their doubts as to biological fatherhood. See, e.g., Ex parte State ex rel. J.Z., 668 So.2d 566 (Ala.1995); Ex parte W.J., 622 So.2d 358 (Ala.1993). Compare K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App.l991)(defendant who had no reason to doubt that he was the father of the child at the time of the initial paternity proceeding granted post-judgment relief); Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990) (same).
The question of doubt as to biological fatherhood was relevant in J.Z., W.J., and other eases decided by our supreme court for the following reason: Those decisions were based on Rule 60(b), A.R.CÍV. P., actions; Rule 60(b) requires the moving party to be diligent about protecting his own interests and to seek relief from a judgment within four months or within “a reasonable time.” Obviously, the time at which a man first has doubts about his paternity of a child is a crucial factor in the “diligence” and “reasonableness” equations used for Rule 60(b) motions.
Section 26-17A-1, however, does not demand inquiries into the timeliness or reasonableness of a paternity defendant’s assertion of rights. The statute has no time limit for reopening a paternity action. It states no requirement that the defendant be diligent in defending the first action, filing an appeal, or seeking a blood test at the earliest opportunity. On its face, the statute provides an automatic new trial on the ground of newly discovered scientific evidence.
In E.W., I think our supreme court “read in” a timeliness and diligence requirement to § 26-17A-1. The court held:
“[Section] 26-17A-1 was adopted in 1994 to allow a man adjudicated to be the biological father of a child to reopen the question of paternity. This does not mean that such a man can do so if he has failed to timely contest the adjudication of paternity. ... [I]n this case, by signing the agreement and not having a blood test, E.W. failed to timely contest the question of paternity.”
E.W., 695 So.2d at 625 (emphasis added). Perhaps anticipating the argument that its interpretation of § 26-17A-1 rendered the statute useless (or no different from a Rule 60(b) motion), the court responded:
“Refusing to allow E.W. to reopen the question of paternity does not render § 26-17A-1 ineffective_ An example of when § 26-17A-1 could be properly used would be if paternity was determined before scientific blood tests were available to make such a finding, and in the paternity action, the alleged father timely contested the claim of paternity but the court nevertheless found him to be the father.”
Id. at 627-28.
Although the availability of DNA testing is relatively recent, HLA blood testing has been widely available since 1981. See Ex parte W.J., 622 So.2d at 361. In E.W., the court seems to be saying that § 26-17A-1 provides no relief for men adjudicated to be fathers after 1981. Those men, the court has apparently determined, - are subject to the requirement that they timely assert their claims in order to obtain relief under § 26-17A-1 from a prior paternity judgment. They would be subject to the same requirement under Rule 60(b).
If this interpretation of the court’s holding in E.W. is correct, then I applaud our supreme court’s construction of § 26-17A-1. I have already expressed my opinion that the statute is unconstitutional on its face because it denies equal protection of the laws,[1] and because it violates the separation of powers provisions of the Alabama Constitution. See K.M. v. G.H., 678 So.2d 1084, 1089-97 (Ala.Civ.App.1995)(Crawley, J., dissenting).
In this case, M.A.B. amended his answer to the mother’s petition for modification of child support to add a claim for relief under Rule 60(b). The record indicates that M.A.B., after receiving information that gave *649 him reason to doubt that he was the biological father of the child, waited over a year to seek relief from the prior judgment. If my interpretation of E.W. is correct, then this cause should be reversed and remanded with instructions that the trial court determine whether M.A.B.’s attack on the prior judgment was timely. Whether M.A.B.’s delay was reasonable under all the circumstances should be determined by the trial judge.
If my interpretation of E.W. is not correct, and M.A.B. is entitled to relief under § 26-17A-1 just by virtue of the fact that he had no reason to doubt he was the child’s father when he acknowledged paternity, then I continue to adhere to the views I expressed in K.M. v. G.H., supra, specifically that § 26-17A-1 violates §§ 42 and 43 of the Alabama Constitution. The guardian ad litem made that argument at trial and served the Attorney General with notice of the constitutional challenge, but this court has not addressed the constitutional issue.[2]

. In E.W., the court indicated, in a footnote, that "[s]ection 26-17A-1, when read in pari materia with the entire Uniform Parentage Act, could ... be used by defendant/mothers, plaintiff'mothers, plaintiffffathers, and children as
well, to reopen the issue of paternity in appropriate cases."
E.W., 695 So.2d at 625, n. 1. Based on that reading of the statute, it would not deny equal protection.

. In the two cases concerning § 26-17A-1 that have reached our supreme court, that court has also not addressed the question whether the statute violates the separation of powers provisions of our state constitution. See K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995), cert, quashed (Ala. 1996), and E.W., supra.