ALMON, Justice
(concurring in part and dissenting in part).
I agree that the principle of separation of powers, as set out in §§ 42 and 43 of the Alabama Constitution of 1901, prevents the retrospective application of § 26-17A-1, Ala. Code 1975, to judgments that became final before its effective date. Therefore, I concur in Part III.A. of the lead opinion. However, I would also hold that the same principle, for slightly different reasons, prevents the prospective application of that Code section to decisions rendered after its effective date. Therefore, I respectfully dissent from Part III.B. of the lead opinion, that portion of the opinion accepting § 26-17A-1 as constitutional in part.
I believe that the prospective application of § 26-17A-1 to reopen paternity adjudications without any time limitation and without any discretion in the circuit court violates the separation of powers doctrine for two reasons. One, the reopening of such determinations at long-delayed times may disturb settled expectations based on the long-accepted adjudication of paternity. We are reviewing these cases in relation to child support issues, but the adjudication of paternity would also affect other questions, such as inheritance. My second basis for concluding that the statute violates the principle of separation of powers is the directive that “the case shall be reopened.” § 26-17A-l(a) (emphasis added). To the extent that this purports *665 to require a setting aside of the paternity adjudication based only on the results of DNA or other paternity tests, I think it violates the judicial decision-making function of deciding each case on its own merits. The equity conscience of the court should be involved, for example, in determining whether to disrupt perceived family ties and estate plans.
Nevertheless, I would respect the intent of the legislature in its adoption of that section by announcing a new rule of application of Rule 60(b), Ala. R. Civ. P., in challenges, such as this one, to paternity adjudications. I would hold that a Rule 60(b) challenge to a paternity judgment entered after April 26, 1994, the effective date of § 26-17A-1, should be decided under the standard of review adopted today in Part IV of the lead opinion for Rule 60(b) challenges to paternity judgments entered before that date. Under that standard, the “reasonable time” within which a person must file a Rule 60(b)(6) motion depends upon all the circumstances, with due regard for the legislative attempt to provide for review more broadly than was allowed in cases decided by this Court before the enactment of § 26-17A-1, such as Ex parte W. J., 622 So.2d 358 (Ala.1993), and Ex parte State ex rel. G.M. F., 623 So.2d 722 (Ala.1993). However, I would hold this construction of the “reasonable time” requirement to apply to paternity judgments that became or become final on or after April 26, 1994, as well as to those that became final before that date.
In Ex parte W.J., this Court held that “W. J.’s unreasonable delay bars his relief in this case.” 622 So.2d at 363. This holding was based on the fact that at the time of the 1981 paternity action against him W.J. had some “reason to doubt,” 622 So.2d at 362, that he was the father of the child, but did not bring his action seeking relief from that adjudication until 1990. The 1990 challenge to the paternity adjudication was based on DNA tests that W.J. obtained on himself and the child in 1989; one could infer that he had the testing done because the court had doubled the amount of child support he was required to pay. Thus, under a generous reading of the “reasonable time” requirement of Rule 60(b)(6), the circuit court reasonably could have found that W.J. first had an evidentiary basis for challenging his alleged paternity in 1989 and that he filed his Rule 60(b) motion within a reasonable time thereafter. I dissented in Ex parte W.J., but I followed the rule of Ex parte W.J. in writing the majority opinion in Ex parte State ex reí. G.M.F., supra.
In light of the legislature’s indication that it disapproves of the strict application of the “reasonable time” limitation of Rule 60(b)(6), I would apply a more expansive reading of that limitation to cases such as this one. I would apply the standard discussed in Part IV of the lead opinion to paternity challenges henceforth. Thus, I concur in Part IV of the lead opinion.
I also concur in Part II of the lead opinion.
SHORES, J., concurs.