MONROE, Judge.
This case involves the reopening of a paternity adjudication under § 26-17A-1 of the Alabama Uniform Parentage Act, Ala.Code 1975.
The minor child, J.J.S., was born on August 16, 1981. In February 1983, the mother, A.T., filed a complaint alleging that E.W. was the biological father. On April 14, 1983, the District Court of Geneva County issued an order for a blood test, noting that E.W. denied paternity and had requested the test. The order required E.W. to pay for the testing by July 14,1983.
On July 13, 1983, E.W. signed an affidavit acknowledging paternity. The Court issued its paternity order that same day, directing the Defendant to pay $75 per month child support. Court costs were waived and no blood tests were administered.
E.W. did not appeal, and little or no child support was paid over the next five and one-half years, until an order of income withholding was entered in January 1989. At that time, E.W. filed a motion for a new trial, alleging newly discovered evidence. He said that A.T. had claimed someone else was the father. This motion was summarily denied by the Court on March 1, 1989. No appeal was taken.
On April 6, 1994, AT. filed a petition to modify support. E.W. counterclaimed, arguing that he was not the father; he requested blood tests and the reopening of the prior order pursuant to § 26-17A-1, Ala.Code 1975.
The trial court continued the ease and ordered the blood tests requested by E.W. The test results showed that E.W. is not the biological father of the child. E.W. then moved the trial court to set aside the previously entered paternity order and to reopen the case. The trial court conducted a hearing on the motion to reopen the case, and *621 granted the order. The trial court found that E.W. is not the father of the child and ordered his parental rights and obligations terminated. The state appeals on behalf of A.T.
The state argues several assignments of error. It argues that § 26-17A-1, part of the Alabama Uniform Parentage Act, Ala. Code 1975, is unconstitutional because it violates the public policy of Alabama regarding finality of judgments and legitimacy of children. The state further argues that the statute denies the equal protection guaranteed by the Alabama and United States Constitutions; and that it violates Article IV, § 95, Ala. Const.1901, which precludes the impairment of contracts.
All of these issues have recently been considered by this court in K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995), in which this court held that § 26-17A-1 is valid against these constitutional attacks.
The state also argues that the statute is unconstitutionally vague, and therefore void. The statute reads in pertinent part:
“§ 26-17A-1. Reopening of paternity case.
“(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”
A statute will be declared unconstitutionally vague and ambiguous only if a person of ordinary intelligence, exercising common sense, can derive no rule or standard at all from the statute’s language. Friday v. Ethanol Corp., 539 So.2d 208, 213 (Ala.1988). Additionally, “uncertainty in this statute is not enough for it to be unconstitutionally vague; it must be substantially incomprehensible.” Id. (citation omitted).
The state argues that because there is some dispute as to whether a person previously adjudicated to be the father is required to present scientific evidence when he petitions the court to reopen his paternity case or whether the court may order tests to produce that scientific evidence, the statute is unconstitutionally vague. However, this does not rise to the level of “substantially incomprehensible.” As the Court pointed out in Friday, the possible statutory constructions offered by the parties can be taken to illustrate that the statute is “at least amenable to some sensible construction.” Id. at 213. We hold that the statute is not unconstitutionally vague.
The state next contends that the trial court improperly reopened the paternity case without the initial presentation of scientific evidence by E.W. However, this is an unusual case in that E.W. did not, of his own accord, seek relief by reopening the case; rather, he was named the defendant in the mother’s petition to modify child support. He asserted nonpaternity as a defense. The court was entitled to order blood tests and reconsider the issue of paternity after the tests were conducted, pursuant to Rule 60(b), Ala.R.Civ.P. See Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990); writ denied, 575 So.2d 1024 (Ala.1990). Although the trial court apparently ordered the blood tests in reliance on § 26-17A-1, its order was justified under Rxile 60(b). Therefore, even if the trial court misconstrued the statute, it was harmless error, because the same relief was otherwise available. The label placed on the motion is not controlling, because Williams sought relief that could be properly granted under 60(b). See, e.g., Rebel Oil Co. v. Pike, 473 So.2d 529, 531 (Ala.Civ.App.1985). Based on the facts of this case, we do not find that the trial court committed reversible error when it reopened the paternity issue.
We recognize that relief under Rule 60(b) is an extreme remedy to be granted in extraordinary circumstances. State ex rel. McKinney, 567 So.2d at 370. However, the *622 grant or denial of such a motion is within the sound discretion of the trial court, and our review is limited to determining whether there was an abuse of that discretion. C.W. v. State Department of Human Resources, 590 So.2d 306 (Ala.Civ.App.1991).
In State ex rel. McKinney, supra, the trial court ordered blood tests to be performed, and then granted á Rule 60(b) motion filed by the man previously adjudicated to be the father, and set aside the previous judgment declaring him to be the father. As in the case now before us, the man in McKinney had erroneously admitted by affidavit that he was the father, and he had been adjudged to be the father, without trial or presentation of evidence proving paternity. The court noted that “a decree ... entered solely upon the stipulation of the parties is without [the] necessary proof.... [T]he absence of such proof gives emphasis to the possible injustice and terrible wrong committed ... if the decree is not set aside.” State ex rel. McKinney, 567 So.2d at 368 (citation omitted).
The trial court in the present case noted in its order that E.W. was indigent when he signed the admission and waived his right to a blood test, .that he did so because he could not afford to pay for a blood test and was not informed that he was entitled to have tests conducted despite his inability to pay for the tests, and that he was not represented by counsel. We also note that E.W. recently became aware that he might not be the father and that E.W. did not initiate the proceedings, but that he was brought before the court in an action to increase his child support obligation. We believe equity justifies allowing him to assert nonpaternity as a defense. We hold that the trial court did not abuse its discretion in finding extraordinary circumstances justifying its Rule 60(b) relief of ordering the blood tests.
The state further argues that Rule 60(b) relief was improper because, it argues, the motion for relief, filed 11 years after the adjudication of paternity, was not filed within a reasonable time. Under Rule 60(b)(6), relief may be granted for “any other reason justifying relief from the operation of the judgment,” and relief must be sought within a reasonable time from the date of the judgment. In McKinney, the court found that the motion for Rule 60(b)(6) relief, filed 12 years after the initial paternity judgment, was filed within a reasonable time. 567 So.2d at 369. Likewise, we find no abuse of discretion in the trial court’s holding that the motion for relief under Rule 60(b)(6) was timely made.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., concurs in the result.
THIGPEN and CRAWLEY, JJ., dissent.