THIGPEN, Judge,
dissenting.
Because I would reverse the trial court’s judgment, I must respectfully dissent. It does not appear to me that this case falls within the purview of Ala.Code 1975, § 26-17A-1. That section seems to permit a defendant in a paternity proceeding to reopen the case under certain circumstances. This action involves a paternity adjudication in a divorce action. The record contains a copy of W.F.F.’s complaint for divorce, wherein he, as .plaintiff, acknowledged that the child was born of the marriage and submitted the parties’ agreement regarding, inter alia, W.F.F.’s willingness to accept the legal responsibility for this child. Similar to the grandfather in Ex parte Lipscomb, 660 So.2d 986, 989 (Ala.1994), “in his complaint for divorce, [W.F.F.] himself asked the court to provide for the custody and support of the minor child, ... he thereby invoked its jurisdiction to order him to pay this support.”
This court has faced the situation on numerous occasions wherein a putative father has deliberately chosen to acknowledge paternity and accept the legal responsibility for a child rather than seek the truth when the opportunity was provided. The law, has always been clear that res judicata bars relit-igation of paternity in those cases. See, for example, Ex parte W.J., 622 So.2d 358 (Ala.1993), and the numerous cases listed therein.
In this ease, when W.F.F. petitioned for divorce, he voluntarily sought and received a court’s order for him to accept the legal and financial responsibilities for this child. Our Supreme Court has previously determined that he is bound by his choice. Ex parte State ex rel. G.M.F., 623 So.2d 722 (Ala.1993). I am not unsympathetic to the reality that W.F.F. has now obtained blood tests, which exclude him as this child’s biological father; however, prior to that information, he freely and deliberately chose to accept the legal responsibility for this child as a part of the divorce he sought. In 1993, our Supreme Court refused to accept his plea for relief as extraordinary, stating that “nine years is an unreasonably long delay” and that his action was barred by res judicata. Ex parte State ex rel. G.M.F., 623 So.2d 722, 724 (Ala.1993). Ala.Code 1975, § 26-17A-1, as written, simply does not apply to W.F.F., who has not been a “defendant” in a paternity proceeding; therefore, this court continues to be bound by the 1993 decision of our Supreme Court in this matter. Ala.Code 1975, § 12-3-16. Once again, this court is confronted with a situation wherein “the time has come for the recognition and identification of the distinctions between a legal father and a biological father and the rights and responsibilities that flow from those relationships.” State ex rel. A.T. v. E.W., 695 So.2d 619, 624 (Ala.Civ.App.1995) (Thigpen, J., dissenting.)[1]
Additionally, I have concerns regarding the arrearage and would instruct the trial court on remand to determine W.F.F.’s ar-rearage based upon earlier and binding orders.

. At the time of this writing, a petition for a writ of certiorari had been granted and was pending in the Supreme Court.