PER CURIAM.
The opinion of December 6, 1996, is withdrawn and the following is substituted therefor.
This case presents the question whether a defendant in a paternity proceeding, who was judicially declared to be the father of a child, can reopen the ease if he can show that there is scientific evidence to show that he is not the father. In view of the fact that the issue arose in a proceeding in which the mother was seeking to modify child support payments, this case presents the further question: Does Alabama law require a man who has been determined not to be the biological father of a child to be legally responsible for that child? We hold that it does not.
This Court, on original deliverance, reversing the judgment of the Court of Civil Appeals, held that the trial court had erred in reopening the paternity issue pursuant to § 26-17A-1, Ala.Code 1975.[1]
The defendant in the original paternity proceeding filed an application for rehearing, basically arguing that the Legislature, by authorizing the reopening of a paternity proceeding, pursuant to the provisions of § 26-17A-1, intended to cover persons like him who could prove scientifically that he was not the father.
The State of Alabama, on the other hand, argues that this Court, on original deliverance, correctly interpreted the law of Alabama and did not err in reversing the judg *626 ment of the Court of Civil Appeals, which had affirmed the judgment of the trial court.
We are of the opinion that a majority of this Court did err on original deliverance and that E. W.’s application for rehearing is due to be granted. Consequently, the original opinion is withdrawn and the following opinion is substituted for it.
In 1981, the child who is the subject of this proceeding was bom out of wedlock. The mother filed a paternity action against E. W., and on July 13, 1983, the district court ordered a blood test, but E. W., who the trial court found was indigent at that time, did not request a blood test[2] and instead admitted paternity and was ordered to pay $75 per month in child support. E. W. did not appeal this decision, but during the next five and one half years, he paid little or no child support, until an order of income withholding was entered in January 1989. At that time, E. W. filed a motion for new trial contesting the paternity on the basis that the mother of the child had allegedly told someone that a person other than E. W. was the father of her child. The trial court denied his motion, and again E.W. took no appeal.
On April 6, 1994, the mother petitioned to modify the child support order that had been initially entered in the case. E. W. defended the petition, arguing that he was not the father, and, pursuant to § 26-17A-1, he requested the reopening of the paternity case to allow him to present scientific evidence to prove that fact.
The trial court ordered the blood tests requested by E. W., and the results indicated that E. W. was not the biological father of the child. He then moved the trial court to reopen the case and set aside the previous paternity order. The trial court set aside the paternity order and held that E. W. was not the father of the child and ordered his parental rights and obligations terminated.
The State of Alabama appealed on behalf of the mother. The Court of Civil Appeals affirmed. State ex rel. A.T. v. E. W., 695 So.2d 619 (Ala.Civ.App.1995).
The purpose of § 26-17A-1 is to authorize a defendant in a paternity proceeding to reopen an adjudication of paternity if he has scientific proof, as specified in the statute, that he is not the biological father of the child. Obviously the trial court found that E. W. had such proof in this case. See Ex parte State Dep’t of Human Resources ex rel. R.A.P.B., 680 So.2d 874 (Ala.1996) (dissenting opinion).
The trial court and the Court of Civil Appeals held that E. W.’s admission of paternity, under the facts and circumstances of this case, should not bar him from asserting the rights granted to him under § 26-17A-1. We believe that those two courts correctly ascertained the Legislature’s intent in adopting the statute that authorizes the reopening of a paternity determination except when the child has been adopted.
Based on the foregoing, we grant the application for rehearing, withdraw the original opinion, and affirm the judgment of the Court of Civil Appeals.
APPLICATION GRANTED; OPINION OF DECEMBER 6, 1996, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, and SEE, JJ., concur.
SHORES, KENNEDY, COOK, and BUTTS, JJ., dissent.

. The Legislature, by Act No. 94-933, Ala. Acts 1994, authorized the reopening of a paternity case based on scientific evidence:
"§ 26-17A-1.
"(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.
"(b) The test shall be made by a qualified expert approved by the court. The expert may be called by the court or any party as a witness to testify to the test results and shall be subject to cross-examination by the parties. The test results may be admitted into evidence. If more than one test is performed and the results are conflicting, none of the test results shall be admissible as evidence of paternity or nonpaternity.
"(c) Compensation of the expert witness shall be paid by the petitioner.
"(d) In the event the child has been adopted the matter of paternity may not be reopened under this chapter."

. The Court of Civil Appeals said the following about E. W.’s waiver of the blood test:
"The trial court in the present case noted in its order that E. W. was indigent when he signed the admission and waived his right to a blood test, that he did so because he could not afford to pay for a blood test and was not informed that he was entitled to have tests conducted despite his inability to pay for the tests, and that he was not represented by coun-
State ex rel. A. T. v. E. W., 695 So.2d 619, 622 (Ala.Civ.App.1995).