ROBERTSON, Presiding Judge.
On March 27, 1984, the Circuit Court of Morgan County entered a judgment divorcing Renee Speakman and Michael Ray Speakman. The judgment awarded custody of the parties’ minor child to Renee Speak-man and ordered Michael Speakman to pay child support of $30 per week. On January 30, 1996, the State of Alabama, Morgan County Department of Human Resources, filed a motion to intervene and a petition for rule nisi against Michael Speakman for child support arrearages and interest in an amount in excess of $30,000. The State’s rule nisi petition alleged that Loretta Spizzirri, the maternal grandmother, was the actual custodian of the child and that she was receiving public assistance.
Michael Speakman was served in Marion County, Illinois. Speakman answered with a Rule 60(b)(6), Ala.R.Civ.P., petition seeking to set aside the divorce judgment. Speak-man also filed a petition pursuant to Ala. Code 1975, § 26-17A-1 alleging that the parties had obtained a blood test as a result of a URESA proceeding in the St. Clair County Juvenile Court and that he had scientific proof that he was not the child’s father. Speakman presented evidence that after the blood test that excluded him as the father was obtained, the URESA petition was dismissed on motion of the State on February 9, 1995.
.The trial court tried the matter on October 17, 1996, on facts stipulated by the parties. The stipulated facts included the original uncontested divorce judgment that adjudicated Speakman to be the father of the child and a DNA test which excluded Speakman as the biological father. Speakman withdrew his Rule 60(b) petition and proceeded solely under § 26-17A-1, Ala.Code 1975. The State acknowledged that if Speakman was entitled *188 to a judgment under § 26-17A-1, then he would not owe the child support arrearage and interest. The mother did not appear at the hearing.
The trial court issued a detailed order, holding that § 26-17A-1 was applicable to Speakman’s claim and that the operation of that statute required the trial court to find that Speakman was not the father and that he owed no support obligation. In reaching its judgment, the trial court adopted the rationale of this court as set out in K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995) in upholding the constitutionality of § 26-17A-1.
Our Alabama Supreme Court recently released Ex parte State ex rel. A.T., 695 So.2d 624 (Ala.1997). In that case, the court affirmed this court’s decision in State ex rel. A.T. v. E.W., 695 So.2d 619 (Ala.Civ.App. 1995). In Ex parte A.T., the supreme court held that a man who had admitted paternity in a paternity proceeding and had never appealed could, pursuant to § 26-17A-1, reopen and void the paternity adjudication if he produced scientific evidence that he was not the biological father. The court stated:
“The purpose of § 26-17A-1 is to authorize a defendant in a paternity proceeding to reopen an adjudication of paternity if he has scientific proof, as specified in the statute, that he is not the biological father of the child. Obviously the trial court found that E.W. had such proof in this case. See Ex parte State Dep’t of Human Resources ex rel. R.A.P.B., 680 So.2d 874 (Ala. 1996) (dissenting opinion).
“The trial court and the Court of Civil Appeals held that E. W.’s admission of paternity, under the facts and circumstances of this case, should not bar him from asserting the rights granted to him under § 26-17A-1. We believe that those two courts correctly ascertained the Legislature’s intent in adopting the statute that authorizes the reopening of a paternity determination except when the child has been adopted.”
695 So.2d at 626.
In this case and in A. T., the proceeding in which the purported father challenged paternity sought to modify support payments. There is no substantive difference between the defendant’s admission of paternity in the paternity action in AT. and Speakman’s admission of paternity in the uncontested divorce in the case at hand. Section 26-17A-1, as applied by our supreme court, authorizes Speakman to challenge paternity based upon scientific proof. Ex parte A.T., supra. Accordingly, the trial court is due to be affirmed.
In response to the dissenting opinion, which mainly quotes the dissent in K.M. v. G.H., we note that our Supreme Court quashed the writ of certiorari in K.M. as improvidently granted, even though the main issue in that case was the constitutionality of § 26-17A-1. In other words, our Supreme Court initially granted certiorari to review the constitutionality of § 26-17A-1, and after reviewing the issues, quashed the writ, in effect affirming this court’s holding that Act No. 94-633, Ala. Acts 1994, codified as § 26-17A-1, Ala.Code 1975, was constitutional. Our Supreme Court again had the constitutionality issue before it in Ex parte A.T., and it stated that the trial court and this court “correctly ascertained the Legislature’s intent in adopting the statute that authorizes the reopening of a paternity determination except when the child has been adopted.” Ex parte A. T., 695 So.2d at 626.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.