703 So.2d 1002 (1997)
R.L.T.
v.
S.V.P.
2960681.
Court of Civil Appeals of Alabama.
September 26, 1997.
*1003 Debra H. Coble and Robert W. Beasley of Potts & Young, L.L.P., Florence, for appellant.
John B. Holt of Holt, McKenzie, Holt & Mussleman, Florence, for S.V.P.
Joseph S. Rushing of Dan Boone & Associates, Florence, guardian ad litem.
Ernest N. Blasingame, Jr., Florence, for J.M.
YATES, Judge.
The trial court divorced R.L.T. and S.V.P. ("the mother") on February 9, 1987. During the parties' eight-and-one-half-year marriage, two children, J.A.T. and J.R.T., were born. After the divorce, the mother retained custody of the children and R.L.T. was ordered to pay child support.
In 1989, R.L.T. petitioned the court to order blood testing to establish paternity of J.R.T., alleging that the mother, during the course of their marriage, had engaged in a lengthy adulterous relationship, unbeknown to him, and that after the divorce she had confessed to the relationship. R.L.T. further stated that the mother had admitted to him that she did not know if he was the father of J.R.T. The mother moved for a summary judgment and entered a plea of res judicata, based on the adjudication of paternity in the 1987 divorce proceedings. The court, on June 12, 1989, dismissed R.L.T.'s petition.
On April 30, 1996, R.L.T. petitioned for a change of custody of the children, alleging that the mother had refused to provide medical treatment for the children; that she was mentally abusive to J.A.T.; and that she had openly stated that the father of J.R.T. is J.M., with whom, R.L.T. says, she had had an affair while she was married to R.L.T. At the time this petition was filed, J.A.T. was 16 years old; J.R.T. was 12. The court placed temporary custody of J.A.T. with R.L.T., pending a final hearing. The mother answered the petition, denying the allegations.
On August 21, 1996, R.L.T. petitioned the court, pursuant to § 26-17A-1, Ala.Code 1975, to order DNA testing to establish the paternity of J.R.T., and to add J.M. and J.R.T. as respondents. The court denied R.L.T.'s request for DNA testing, but added J.M. as a respondent. The mother objected to J.M.'s being added, claiming that the doctrine of res judicata barred R.L.T.'s petition. The court treated the mother's objection as a motion to reconsider and set a hearing date. After a hearing, the court rejected the mother's objection to J.M.'s being added as a respondent.
On October 10, 1996, the mother moved for a summary judgment and entered a plea of res judicata. On October 15, 1996, J.M. moved to dismiss, arguing that § 26-17A-1 applies only to adjudication of paternity entered in paternity actions and not to adjudications made in divorce actions. The court, in February 1997, granted J.M.'s motion to dismiss, stating that paternity had been established in the 1987 divorce judgment entered in the case and that "the issue is res judicata and may not be reopened." R.L.T. appeals.
Section 26-17A-1(a), Ala.Code 1975, provides:
"(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown."
Our supreme court has stated that the purpose of § 26-17A-1 is to "authorize a defendant in a paternity proceeding to reopen an adjudication of paternity if he has scientific proof, as specified in the statute, that he is *1004 not the biological father of the child." Ex parte State ex rel. A.T., 695 So.2d 624, 626 (Ala.1997). Further, this court has decided that § 26-17A-1 may be used to reopen a case where a divorce judgment has adjudicated paternity. State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996] ___ So.2d ___ (Ala.Civ.App.1996); and D.R.R. v. State ex rel. R.G., [Ms. 2951429, June 27, 1997] ___ So.2d ___ (Ala.Civ.App.1997). In those two cases, this court was persuaded to allow relief under § 26-17A-1 because of the following circumstances: (1) the wife in each case had previously admitted that the husband was not the child's father; (2) blood tests had been conducted; and (3) the results of the tests were available to the court.
In State ex rel. A.T. v. E.W., 695 So.2d 619, 622 (Ala.Civ.App.1995), this court affirmed the trial court's decision to reopen a paternity case after the father asserted nonpaternity as a defense to the mother's petition to modify the initial custody agreement; this court stated:
"The trial court ... noted in its order that E.W. was indigent when he signed the admission and waived his right to a blood test, that he did so because he could not afford to pay for a blood test and was not informed that he was entitled to have tests conducted despite his inability to pay for the tests, and that he was not represented by counsel. We also note that E.W. recently became aware that he might not be the father and that E.W. did not initiate the proceedings, but that he was brought before the court in an action to increase his child support obligation. We believe equity justifies allowing him to assert nonpaternity as a defense."
Our supreme court, in affirming this court's decision, agreed that "the facts and circumstances of [that] case should not bar [E.W.] from asserting the rights granted to him under § 26-17A-1." Ex parte State ex rel. A.T., supra, 695 So.2d at 626.
After thoroughly reviewing the record, we conclude that the facts in this case, unlike those in Ex parte State ex rel. A.T., do not indicate circumstances so extraordinary and compelling as to justify relief under § 26-17A-1. Nowhere in the record has the mother ever admitted that R.L.T. was not the father of J.R.T.; blood tests have not been conducted; and R.L.T., in initiating this action, has not submitted any affidavits or other evidence to support the allegations in his petition. Although the trial court's dismissal based on the doctrine of res judicata was improper, nevertheless we conclude, in light of this court's recent decisions, that the court properly denied R.L.T.'s request for DNA testing. A correct decision will not be disturbed even if the court gives the wrong reason. Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 769 (Ala.Civ.App.1993).
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.
CRAWLEY, Judge, concurring in the result.
The majority distinguishes this case from State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996] ___ So.2d ___ (Ala.Civ. App.1996), and D.R.R. v. State ex rel. R.G., [Ms. 2951429, June 27, 1997] ___ So.2d ___ (Ala.Civ.App.1997), on the following facts: the mother has not admitted that R.L.T. was not the father of J.R.T. and blood tests have not been conducted.
I agree that, based on those facts, this case is different from G.M.F. and D.R.R., although I do not think those differences constitute grounds for a legal distinction.
The same kind of evidence (the mother's statement that the legal father may not have been the biological father), when presented in Ex parte State ex rel. A.T., 695 So.2d 624 (Ala.1997), led to the reopening of a prior paternity adjudication. In that case, E.W. contested a prior paternity adjudication and asked for a blood test on the basis that "the mother of the child had allegedly told someone that a person other than E.W. was the father of her child." 695 So.2d at 626. When E.W. sought to reopen the prior paternity adjudication, he did not have the results of a blood test. He requested a blood test, just as R.L.T. did in this case.
*1005 In Ex parte State ex rel. A.T., the trial court granted E.W.'s request for a blood test. Here, the trial court denied R.L.T.'s request on the same kind of evidence. What justification is there for the different treatment accorded E.W. and R.L.T.? What is the legal distinction between this case and Ex parte State ex rel. A.T.?
As long as we have § 26-17A-1, a statute that subverts the principles of res judicata and violates the separation of powers provisions of the Alabama Constitution, see K.M. v. G.H., 678 So.2d 1084, 1089-97 (Ala.Civ. App.1995) (Crawley, J., dissenting), we will continue to have inexplicable results in these paternity cases.
On the other hand, if our supreme court decides that § 26-17A-1 is unconstitutional, and returns paternity litigants to the relief historically afforded them under Rule 60(b), Ala. R. Civ. P., then, although it might not forever eliminate the "unfairness" of requiring a man to support a child who is not his biological offspring, the court will have reensured the finality of paternity judgments for those defendants who are lax about protecting their own rights while allowing relief for those who are diligent about protecting their rights.
Prior to the enactment of § 26-17A-1, our caselaw indicated that a man like R.L.T., if he had no reason to doubt his paternity of the child at the time of the divorce judgment, would qualify for Rule 60(b) relief. Compare K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Civ.App.1991) (defendant who had no reason to doubt that he was the father of the child at the time of the initial paternity proceeding granted post-judgment relief) and Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990) (same) with Ex parte State ex rel. J.Z., 668 So.2d 566 (Ala.1995) (defendant chose to accept the responsibility of legal fatherhood despite his doubts as to biological fatherhood) and Ex parte W.J., 622 So.2d 358 (Ala.1993) (same).
I concur in the result of this case because I believe the paternity adjudication implicit in the divorce judgment is res judicata. Unless and until R.L.T. shows that the judgment is due to be set aside pursuant to Rule 60(b), then that judgment should stand.