YATES, Judge.
The trial court divorced R.L.T. and S.V.P. (“the mother”) on February 9, 1987. During the parties’ eight-and-one-half-year marriage, two children, J.A.T. and J.R.T., were born. After the divorce, the mother retained custody of the children and R.L.T. was ordered to pay child support.
In 1989, R.L.T. petitioned the court to order blood testing to establish paternity of J.R.T., alleging that the mother, during the course of their marriage, had engaged in a lengthy adulterous relationship, unbeknown to him, and that after the divorce she had confessed to the relationship. R.L.T. further stated that the mother had admitted to him that she did not know if he was the father of J.R.T. The mother moved for a summary judgment and entered a plea of res judicata, based on the adjudication of paternity in the 1987 divorce proceedings. The court, on June 12, 1989, dismissed R.L.T.’s petition.
On April 30, 1996, R.L.T. petitioned for a change of custody of the children, alleging that the mother had refused to provide medical treatment for the children; that she was mentally abusive to J.A.T.; and that she had openly stated that the father of J.R.T. is J.M., with whom, R.L.T. says, she had had an affair while she was married to R.L.T. At the time this petition was filed, J.A.T. was 16 years old; J.R.T. was 12. The court placed temporary custody of J.A.T. with R.L.T., pending a final hearing. The mother answered the petition, denying the allegations.
On August 21, 1996, R.L.T. petitioned the court, pursuant to § 26-17A-1, Ala.Code 1975, to order DNA testing to establish the paternity of J.R.T., and to add J.M. and J.R.T. as respondents. The court denied R.L.T.’s request for DNA testing, but added J.M. as a respondent. The mother objected to J.M.’s being added, claiming that the doctrine of res judicata barred R.L.T.’s petition. The court treated the mother’s objection as a motion to reconsider and set a hearing date. After a hearing, the court rejected the mother’s objection to J.M.’s being added as a respondent.
On October 10,1996, the mother moved for a summary judgment and entered a plea of res judicata. On October 15, 1996, J.M. moved to dismiss, arguing that § 26-17A-1 applies only to adjudication of paternity entered in paternity actions and not to adjudications made in divorce actions. The court, in February 1997, granted J.M.’s motion to dismiss, stating that paternity had been established in the 1987 divorce judgment entered in the case and that “the issue is res judicata and may not be reopened.” R.L.T. appeals.
Section 26-17A-l(a), Ala.Code 1975, provides:
“(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the ease shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”
Our supreme court has stated that the purpose of § 26-17A-1 is to “authorize a defendant in a paternity proceeding to reopen an adjudication of paternity if he has scientific proof, as specified in the statute, that he is *1004 not the biological father of the child.” Ex parte State ex rel. A.T., 695 So.2d 624, 626 (Ala.1997). Further, this court has decided that § 26-17A-1 may be used to reopen a case where a divorce judgment has adjudicated paternity. State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996] — So.2d -(Ala.Civ.App.1996); and D.R.R. v. State ex rel. R.G., [Ms. 2951429, June 27, 1997] — So.2d-(Ala.Civ.App.1997). In those two cases, this court was persuaded to allow relief under § 26-17A-1 because of the following circumstances: (1) the wife in each case had previously admitted that the husband was not the child’s father; (2) blood tests had been conducted; and (3) the results of the tests were available to the court.
In State ex rel. A.T. v. E.W., 695 So.2d 619, 622 (Ala.Civ.App.1995), this- court affirmed the trial court’s decision to reopén a paternity case after the father asserted nonpaternity as a defense to the mother’s petition to. modify the initial custody agreement; this court stated:
“The trial court ... noted in its order that E.W. was indigent when he signed the admission and waived his right to a blood test, that he did so because he could not afford to pay for a blood test and was not informed that he was entitled to have tests conducted despite his inability to pay for the tests, and that he was not represented by counsel. We also note that E.W. recently became aware that he might not be the father and that E.W. did not initiate the proceedings, but that he was brought before the court in an action to increase his child support obligation. We believe equity justifies allowing him to assert nonpa-ternity as a defense.”
Our supreme court, in affirming this court’s decision, agreed that “the facts and circumstances of [that] case should not bar [E.W.] from asserting the rights granted to him under § 26-17A-1.” Ex parte State ex rel. A.T., supra, 695 So.2d at 626.
After thoroughly reviewing the record,- we conclude that the facts in this case, unlike those in Ex parte State ex rel A.T., do not indicate circumstances so extraordinary and compelling as to justify relief under § 26-17A-1. Nowhere in the record has the mother ever admitted that R.L.T. was not the father of J.R.T.; blood tests have not been conducted; and R.L.T., in initiating this action, has not submitted any affidavits or other evidence to support the allegations in his petition. Although the trial court’s dismissal based on the doctrine of res judicata was improper, nevertheless we conclude, in light of this court’s recent decisions, that the court properly deified R.L.T.’s request for DNA testing. A correct decision will not be disturbed even if the court gives the wrong reason. Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 769 (Ala.Civ.App.1993).
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.