CRAWLEY, Judge,
concurring in the result.
The majority distinguishes this case feom State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996] — So.2d - (Ala.Civ. App.1996), and D.R.R. v. State ex rel. R.G., [Ms. 2951429, June 27, 1997] - So.2d - (Ala.Civ.App.1997), on the following facts: the mother has not admitted that R.L.T. was not the father of J.R.T. and blood' tests have not been conducted.
I agree that, based on those facts, this case is different from G.M.F. and D.R.R., although I do not think those differences constitute grounds for a legal distinction.
The same kind of evidence (the mother’s statement that the legal father may not have been the biological father), when presented in Ex parte State ex rel. A.T., 695 So.2d 624 (Ala.1997), led to the reopening of a prior paternity adjudication. In that case, E.W. contested a prior paternity adjudication and asked for a blood test on the basis that “the mother of the child had allegedly told someone that a person other than E.W. was the father of her child.” 695 So.2d at 626. When E.W. sought to reopen the prior paternity adjudication, he did not have the results of a blood test. He requested a blood test, just as R.L.T. did in this case.
*1005 In Ex parte State ex rel. AT., the trial court granted E.W.’s request for a blood test. Here, the trial court denied R.L.T.’s request on the same kind of evidence. What justification is there for the different treatment accorded E.W. and R.L.T.? What is the legal distinction between this ease and Ex parte State ex rel. AT. ?
As long as we have § 26-17A-1, a statute that subverts the principles of res judicata and violates the separation of powers provisions of the Alabama Constitution, see K.M. v. G.H., 678 So.2d 1084, 1089-97 (Ala.Civ.App.1995) (Crawley, J., dissenting), we will continue to have inexplicable results in these paternity cases.
On the other hand, if our supreme court decides that § 26-17A-1 is unconstitutional, and returns paternity litigants to the relief historically afforded them under Rule 60(b), Ala. R. Civ. P., then, although it might not forever eliminate the “unfairness” of requiring a man to .support a child who is not his biological offspring, the court will have re-ensured the finality of paternity judgments for those defendants who are lax about protecting their own rights while allowing relief for those who are diligent about protecting their rights.
Prior to the enactment of § 26-17A-1, our caselaw indicated that a man like R.L.T., if he had no reason to doubt his paternity of the child at the time of the divorce judgment, would qualify for Rule 60(b) relief. Compare K.W. v. State ex rel. S.G., 581 So.2d 855 (Ala.Giv.App.1991) (defendant who had no reason to doubt that he was the father of the child at the time of the initial paternity proceeding granted post-judgment relief) and Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990) (same) with Ex parte State ex rel. J.Z., 668 So.2d 566 (Ala.1996) (defendant chose to accept the responsibility of legal fatherhood despite his doubts as to biological fatherhood) and Ex parte W.J., 622 So.2d 358 (Ala.1993) (same).
I concur in the result of this case because I believe the paternity adjudication implicit in the divorce judgment is res judicata. Unless and until R.L.T. shows that the judgment is due to be set aside pursuant to Rule 60(b), then that judgment should stand.