MOORE, Judge.
R.P., who has previously been adjudicated to be the father of C.R., appeals from the Madison Juvenile Court’s dismissal of his “Petition to Re-open Paternity Determination.” The issue presented for review is whether prior denial of a motion for genetic testing precludes a subsequent petition to reopen a paternity judgment pursuant to § 26-17A-1, Ala.Code 1975, under the doctrine of res judicata? We answer that question in the negative and reverse.
The pertinent facts disclosed by the record show that the juvenile court adjudicated R.P. to be the father of C.R. in May 1995. In early 2006, R.P. filed a motion with the juvenile court. The record does not contain a copy of that motion, but the parties agree that R.P. requested the court to order DNA testing to assist in disproving his paternity. As an exhibit to his motion, R.P. attached a report that purported to indicate that the results of genetic testing demonstrated that R.P. was not the father of C.R.; however, the report stated on its face that it could not be used as legal evidence of parentage or identity. The juvenile court denied the motion on March 27, 2006, stating that “[djefendant’s request for a court-ordered scientific testing for determination of non-paternity is *90 denied.” On May 31, 2006, R.P. filed his “Petition to Re-open Paternity Determination”; attached as an exhibit to the petition was a report containing the results of additional genetic testing, which he alleged constituted “scientific evidence” of nonpa-ternity. The State, on behalf of M.G.R., C.R.’s mother, moved to dismiss the petition to reopen on the sole ground of res judicata, arguing that the denial of the earlier motion requesting DNA testing precluded the juvenile court from considering R.P.’s May 31, 2006, petition to reopen. The juvenile court apparently accepted this reasoning, dismissing the petition to reopen based on the ground asserted in the State’s motion.
Section 26-17A-1(a), Ala.Code 1975, known as “the McClain Act,” provides in pertinent part:
“Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deox-yribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”
In State v. E.W., 695 So.2d 619 (Ala.Civ.App.1995), aff'd, Ex parte State ex rel. A.T., 695 So.2d 624 (Ala.1997), the State, on behalf of the mother, filed a petition to modify child support. The father counterclaimed, disclaiming paternity, requesting blood testing and seeking to reopen the case pursuant to § 26-17A-1, Ala. Code 1975. The State argued that § 26-17A-1 was unconstitutionally vague “because there is some dispute as to whether a person previously adjudicated to be the father is required to present scientific evidence when he petitions the court to reopen his paternity case or whether the court may order tests to produce that scientific evidence....” In rejecting that argument, the Court noted that Rule 60(b), Ala. R. Civ. P., grants trial courts the authority to order blood testing and reconsider paternity even if § 26-17A-1, Ala. Code, does not. 695 So.2d at 621. The Court stated:
“Although the trial court apparently ordered blood tests in reliance on § 26-17A-1, its order was justified under Rule 60(b)[, Ala. R. Civ. P.]. Therefore, even if the trial court misconstrued the statute, it was harmless error, because the same relief was otherwise available. The label placed on the motion is not controlling, because [E.W.] sought relief that could be properly granted under [Rule] 60(b)....”
695 So.2d at 621.
On certiorari review, the Alabama Supreme Court described the procedure followed by the father as follows:
“On April 6, 1994, the mother petitioned to modify the child support order that had been initially entered in the case. E.W. defended the petition, arguing that he was not the father, and pursuant to § 26-17A-l[, Ala.Code 1975], he requested the reopening of the paternity case to allow him to present scientific evidence to prove that fact.
“The trial court ordered the blood tests requested by E.W., and the results indicated that E.W. was not the biological father of the child. He then moved the trial court to reopen the case and set aside the previous paternity order....”
695 So.2d at 626.
In R.L.T. v. S.V.P., 703 So.2d 1002 (Ala.Civ.App.1997), a father moved the court to *91 order DNA testing “pursuant to Section 26-17A-1” to assist him in disproving his paternity. The trial court denied the motion on the ground of res judicata — i.e., on the basis that paternity had already been conclusively established. This court determined that the trial court had improperly applied the doctrine of res judicata but that it had properly denied the request for testing because the father had not presented sufficient evidence justifying the need for testing.
E.W. implies that when a man who has been adjudicated to be a child’s father does not provide scientific evidence of nonpaternity, any motion requesting genetic testing to obtain such evidence would be classified as a Rule 60(b), Ala. R. Civ. P., motion, regardless of the label of the motion, and that it would be error for the trial court to consider the motion pursuant to § 26-17A-1. AT. suggests that the father may properly request testing pursuant to § 26-17A-1, and that, if the test results indicate that he is not the father, he can then move to reopen the case and set aside the paternity order. R.L.T. also implies that a motion for DNA testing may be made pursuant to § 26-17A-1.
Whatever the tension between those opinions, it is clear that a motion requesting genetic testing is preliminary to a motion to set aside a paternity order pursuant to § 26-17A-1. The decision to grant or deny a motion for genetic testing is not an adjudication of the merits of the claim of nonpaternity. A trial court may deny a motion requesting genetic testing and still reopen a paternity judgment if the man who has been adjudicated to be the father presents scientific evidence of nonpaternity obtained from some other source. On the other hand, the trial court may grant the motion requesting genetic testing and conclude later, after the results of the genetic testing are made available to the court, that the paternity order should not be set aside. In either case, the ruling on the motion for genetic testing does not conclusively determine whether the prior paternity order should be set aside.
In this case, the juvenile court evidently determined that its March 27, 2006, order precluded R.P. from subsequently filing a petition pursuant to § 26-17A-1. R.P. appealed that decision, arguing that all of the elements of the doctrine of res judicata had not been established, specifically that there had not been a prior adjudication'of the merits of his May 31, 2006, petition to reopen. We agree.
When a trial court dismisses claims based on the doctrine of res judicata, the application of that doctrine is a question of law that must be reviewed de novo. EB Invs., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502, 507-08 (Ala.2005).
The four essential elements of the doctrine of res judicata are: 1) a prior judgment on the merits; 2) rendered by a court of competent jurisdiction; 3) with substantial identity of the parties; and 4) with the same cause of action presented in both actions. Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634 (Ala.1998). A judg ment is rendered on the merits “ ‘when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions.’ ” Mars Hill Baptist Church of Anniston, Alabama, Inc. v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 978 (Ala.1999) (quoting 50 C.J.S. Judgment § 728 (1997)).
The record discloses that on March 27, 2006, the juvenile court merely denied R.P.’s motion for scientific testing without *92 reaching the merits of his claim that such testing would disprove his paternity. The juvenile court never conducted the crucial inquiry as to whether the paternity judgment should be set aside on the basis of scientific evidence. The juvenile court could not have conducted this inquiry because, as the parties agree, the court did not have any scientific evidence before it to justify reopening the case for a consideration of the merits. The only evidence presented to the juvenile court at that time, a genetic-testing report attached to the original motion, stated on its face that it could not be used as legal evidence of parentage or identity. See Ex parte Jenkins, 723 So.2d 649, 652 (Ala.1998) (“Under § 26-17A-1(a), a previously adjudicated father can petition for a reopening of the final judgment of paternity, ... if he presents scientific evidence indicating that he is in fact not the biological father. Of course, the trial court must determine that the evidence is indeed scientifically valid and therefore reliable.”). The juvenile court’s decision to deny R.P.’s motion to order genetic testing that could have provided scientific evidence of his nonpaternity was not a decision on whether the case should be reopened, much less a conclusive determination as to whether the prior paternity order should be set aside.
In his May 31, 2006, petition to reopen, R.P. claims that a May 24, 2006, genetic test constitutes scientific evidence that there is 0% probability that he is the biological father of C.R. He seeks to reopen the prior paternity order pursuant to § 26-17A-1. He has further requested the juvenile court to order genetic testing of all the parties. We hold that R.P. has stated a valid claim for relief under § 26-17A-1 that is not barred by the doctrine of res judicata. We therefore reverse the decision of the juvenile court and remand the case to the juvenile court with instructions to conduct further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.