THOMPSON, Presiding Judge.
R.R.C. (“the husband”) appeals from the dismissal by the Baldwin Circuit Court (“the .trial court”) of his petition to reopen proceedings to reexamine the determination as to the paternity C.R.C. (“the child”), a child born during the husband’s marriage to D.G.C. (“the wife”).[1] The parties were divorced by a judgment of the trial court on May 11, 2012. Pursuant to the divorce judgment, the husband was required to pay $1,160 per month in child support. Although the divorce judgment made no express adjudication of paternity, a judgment “requiring a man to pay child support is an implicit determination of paternity.” See Ex parte Washington, 176 So.3d 852, 853 (Ala.Civ.App.2015). On May 14, 2014, the husband, having reason to believe he is not the child’s natural father, filed a petition seeking to reopen proceedings to reexamine the determination regarding the paternity of the child, pursuant to § 26-17A-1, Ala.Code 1975. Section 26-17A-l(a) provides:
“Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that *166 has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deox-yribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”[2]
With his petition, the husband included a report from Laboratory Corporation of America (“LabCorp”) that, based on deox-yribonucleic acid (“DNA”) analysis of the husband and the child, determined that the husband’s probability of paternity of the child is 0%. Based on that evidence, the husband asked the trial court to enter a judgment adjudicating that he is not the child’s father. That same day, the husband also filed a separate motion requesting a stay of his child-support obligation pending the trial court’s ruling on the paternity issue.
On June 24, 2014, the wife filed in the trial court a motion to dismiss the husband’s action. The wife argued that the husband had not challenged the paternity of the child during the divorce proceedings and that he had not appealed the divorce judgment; consequently, she argued, a re-determination of the child’s paternity was barred by the doctrine of res judicata.
On July 7, 2014, the trial court held a hearing on the wife’s motion to dismiss; the trial court entered a judgment dismissing the husband’s action that same day. The husband filed a motion to alter, amend, or vacate the judgment, and a hearing was held on that motion on September 4, 2014. That motion was denied, and the husband timely appealed.
On appeal, the husband argues that the trial court erred in dismissing his action based on the doctrine of res judicata. Although the trial court’s judgment does not state its ground for dismissal, the transcript of the hearing indicates that the trial court dismissed the husband’s action because “[i]t involves the same parties. It’s the same issue.” Thus, we infer that the trial court based its dismissal of the husband’s action on the doctrine of res judicata.
“When a trial . court dismisses claims based on the doctrine of res judica-ta, the application of that doctrine is a question of law that must be reviewed de novo.” R.P. v. State ex rel. M.G.R., 963 So.2d 88, 91 (Ala.Civ.App.2007). When an “ ‘appeal concerns only questions of law, there is no presumption of correctness in favor of the trial court’s judgment.’ ” F.M. v. B.S., 170 So.3d 663, 667 (Ala.Civ.App.2014) (quoting Morgan Bldg. & Spas, Inc. v. Gillett, 762 So.2d 366, 368 (Ala.Civ.App.2000)).
“In Alabama, there are two exceptions to the operation of the doctrine of res judicata with respect to paternity judgments: Rule 60(b)(6), Ala. R. Civ. P., and § 26-17A-1.” S.C.G. v. J.G.Y., 794 So.2d 399, 404 (Ala.Civ.App.2000).[3] At both the July 7, 2014, hearing and the September 4, 2014, hearing, the wife argued that the husband’s action was barred by the doctrine of res judicata. However, on appeal *167 the wife concedes that § 26-17A-1 provides an exception to the application of the doctrine of res judicata in paternity actions, but she argues that the husband has not presented'the. scientific evidence required for the § 26-17A-l(a) exception to be applicable.
Section 26-17A-l(a) does not provide that a defendant in a prior paternity proceeding, upon presenting scientific evidence indicating .that he. is not the natural father of a child, is automatically entitled to the entry of a judgment determining that he is not the father of the child. Section 26-17A-l(a) simply provides that the case shall be reopened upon presentation of such evidence. A determination'as to whether the defendant in the prior paternity proceeding' has been successful in showing that he is not the father is a determination on the merits that is to be decided after the case has been reopened.
Caselaw in Alabama is scarce regarding what constitutes scientific evidence-that is sufficient to reopen a paternity case under § 26-17A-l(a). Research has revealed no delineation of the “precise contours” of scientific evidence that is sufficient to reopen a paternity case under § 26-17A-1(a). McDaniel v. McDaniel, 716 So.2d 737, 739 (Ala.Civ.App.1998).
However, the facts in R.P., supra, are similar to the.facts of this case. In R.P., the Madison Juvenile Court adjudicated R.P. to be the father of C.R. One year later, R.P. filed a motion in the juvenile court requesting DNA testing to assist him in proving that he was not C.R.’s father. R.P. attached to his motion a report that, he said, contained genetic-testing results demonstrating that he was not C.R.’s .natural father. However, that report indicated on its face that it could not be relied upon as legal evidence of parentage.- Thus, the juvenile court denied R.P.’s motion because, the court ruled, it “did not have any scientific evidence before it to justify reopening the case for a consideration on the merits.” 963 So.2d at 92. .Approximately two months later, R.P. filed a petition to reopen the proceedings to reexamine the determination regarding the paternity- of C.R. R.P. attached to his petition a second report containing additional genetic-testing results.that, R.P. said, constituted scientific evidence demonstrating that there was a 0% probability that he was C.R.’s natural father. R.P. contains no specifics regarding, the test results R.P. presented, other than stating that it was a “genetic test.” The juvenile court dismissed R.P.’s petition on the ground of res judicata. On appeal, this court reversed, holding that
“[i]n his May 31, 2006, petition to reopen, R.P. claims that a May 24, 2006, genetic test constitutes scientific evidence that there is 0% probability that he is the biological father of C.R. He seeks to reopen the prior paternity order pursuant- to § 26-17A-1_ We hold that R.P. has stated a valid claim for relief under § 26-17A-1 that is not barred by the doctrine of res judicata.”

Id.

In the present case, the husband presented a LabCorp report containing DNA analysis of the husband and the child. Based on that analysis, the report reflected that the husband’s probability of paternity of the child is 0%. Thus, similar to our holding in R.P., we hold that the husband has presented scientific evidence sufficient to reopen the proceedings to reexamine the previous paternity determination pursuant to § 26-17A-1.
In reversing the trial court’s dismissal of the husband’s action, this court makes no determination on' the merits of the husband’s ...claim, We simply hold that the report the husband presented constituted scientific evidence sufficient to reopen the *168 proceedings to reexamine the previous paternity determination regarding the child and that the husband’s action should not have been dismissed on the ground of res judicata. The trial court will have the opportunity on remand to hold a hearing at which it may receive evidence or, on its own initiative, order blood tests or DNA tests of the husband, the wife, and the child to determine whether the husband is the father of the child.
For the reasons set forth above, the trial court’s judgment of dismissal is reversed and the cause is remanded to the trial court with instructions to conduct further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although the husband’s petition is styled as a motion to modify the parties' divorce judgment, the substance of his petition seeks to reopen proceedings to reexamine the determination regarding the paternity of the child. See Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) ("The ’character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title.' ” (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969))).

. Although § 26-17A-l(a) refers to "the defendant in a paternity proceeding,” our supreme court has held that "[t]he phrase ‘paternity proceeding' is a broad phrase, and its plain meaning encompasses any legal proceeding at which paternity is determined.” Ex parte Jenkins, 723 So.2d 649, 653 n. 2 (Ala.1998).

. Section 26-17A-1 is not applicable to paternity judgments that became final before April 26, 1994, the date the statute was enacted. See Ex parte Jenkins, 723 So.2d 649, 660 (Ala.1998).