456 So.2d 306 (1983)
Ex parte Jimmy CALLOWAY.
(Re STATE of Alabama v. Jimmy CALLOWAY.
Civ. 3929.
Court of Civil Appeals of Alabama.
December 21, 1983.
Rehearing Denied January 18, 1984.
Frank B. Angarola and Michael Miskowiec of Legal Services Corp. of Ala., Andalusia, for appellant.
Frank L. McGuire, III, Opp, for appellee.
BRADLEY, Judge.
On March 4, 1983, after a trial on the complaint of Monica Lane alleging that petitioner, Jimmy Calloway, was the father of her child, Celeste, the District Court of Covington County, Alabama found that Mr. Calloway was the father of the child and ordered Mr. Calloway to pay $826 to the Alabama Department of Pensions and Security to reimburse the department for aid to dependent children benefits paid to the child.
Mr. Calloway timely appealed the district court's judgment to the Circuit Court of Covington County. Subsequently, Calloway filed a motion for appointment of counsel and for a blood test to be paid for by the county or state because he is indigent.
The circuit court denied Mr. Calloway's motions and noted in its order that blood grouping tests had been previously performed in the case on January 5, 1983. Calloway's request for reconsideration of this order was denied.
Mr. Calloway filed a petition for writ of mandamus and a motion for stay of proceedings in this court. On August 22, 1983 this court stayed the proceedings below *307 and ordered a response to the petition and, additionally, on October 11, 1983 the court ordered briefs to be filed.
In support of his petition for mandamus, Calloway argues that his right to due process will be abridged unless he is given the opportunity to obtain the most accurate blood tests presently available. He says that he is indigent and therefore is unable to obtain these blood tests. As authority for his argument, Calloway cites us to the case of Little v. Streater, 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981). In Little the United States Supreme Court said denial of the aid of blood test evidence in a paternity action to an indigent defendant who has the burden of proving by independent evidence that he is not the father of an illegitimate child effectively denied that defendant an opportunity to be heard and thus was a denial of due process.
In the case at bar the petitioner was accorded certain blood tests which failed to exclude him as the father of the child in question. The district court found him to be the father of the child in question.
On appeal to the circuit court, the petitioner again requested blood tests to help establish that he is not the father of the child. He also requested the appointment of counsel and to require the state or county to pay for the additional blood tests on the ground that he was indigent. The circuit court denied his request for blood tests paid for by the state or county on the ground that he had been given blood tests earlier and the results were available to the court.
Section 26-12-5, Code 1975, provides that in an illegitimacy case the reputed father can request that blood tests be made of the reputed father, the mother, and the child, and that the court may order that the costs be paid by the county or one or both of the parties in the case. It appears that petitioner requested that blood tests be made; they were made, and the costs assessed against Covington County.
The Little case, supra, holds that the reputed father was denied due process because blood tests were not made due to his indigency. The Connecticut statute required the requesting party to pay for the blood tests. In the case at bar the Alabama statute authorized the trial court to assess the costs of the blood tests against the county, and the county was required to pay for the blood tests. Accordingly, we do not find that the petitioner has been denied due process of law by the refusal of the circuit court to order that further tests be made at the expense of the county. Also, we do not find that Little v. Streater, supra, mandates a different finding.
WRIT DENIED.
HOLMES, J., concurs.
WRIGHT, P.J., dissents.
WRIGHT, Presiding Judge, dissenting.
I feel that I must respectfully dissent. I recognize that there are statutory, factual and procedural distinctions between this case and the case of Little v. Streater, 452 U.S. 1, 10, 101 S.Ct. 2202, 2207, 68 L.Ed.2d 627 (1981). However, there are also basic similarities. First, as in Streater, an Alabama paternity proceeding brought under §§ 26-11-1 to -9, Code of Alabama 1975, is an action in the name of the State and has long been classified as quasi-criminal in nature. Hunter v. State, 293 Ala. 226, 301 So.2d 541 (1974). Thus, there is constitutionally due some degree of due process. Second, the blood tests requested in this case are clearly those referred to and discussed at length in Streater. It is undisputed that the test already performed was a simple ABO blood type test, which revealed only that the mother, child and defendant were all the same blood type. Such test neither confirmed nor excluded the parentage of defendant. It is my opinion that such test, representing only one of the seven "systems" of the test described as effective to a 91% probability of negating paternity by the court in Streater, is of such little probative value as to be insufficient. I believe the denial of the benefit of the "seven systems" test, the only test recognized as reliable to aid the accused in his defense of the charge brought and prosecuted *308 by the State under statute (§ 26-12-3, Code 1975), because of his indigency, is a denial of the due process required by Streater. In the words of the court in Streater, "[T]o deny appellant blood grouping tests because of his lack of financial resources violated the due process guarantee of the Fourteenth Amendment."
The contention of the State that mandamus is not proper in this case because the denial or granting of the blood test is discretionary will not stand. The right to due process is not discretionary but is mandatory.
I would therefore enter the writ of mandamus directing the court below to order the mother, child and defendant to submit to the "seven systems" blood test, the only test found to be reasonably sufficient to aid the court in determining whether the accused may be excluded as the father of the child. Further, there being no apparent dispute as to the indigency of the accused, I would direct the court to order the cost of such test be assessed against the county.