ROBERTSON, Presiding Judge.
Guy McDaniel (“the former husband”) appeals from a judgment of the Lauderdale County Circuit Court denying his petition to modify his child support obligation. We affirm.
The former husband filed a petition in the Lauderdale Circuit Court, alleging, among other things, that during his marriage to Deborah McDaniel (“the former wife”), the former wife had given birth first to one child and later to triplets; that at the time of his divorce from the former wife he believed that he was the father of each of these children; that subsequent to the divorce he became aware that each of the triplets has blood of type A-positive (A+), whereas he and the former wife have blood of type O-positive (0 + ); that he “ha[d] been told by several experts that it is impossible for a man and woman with O + blood to have offspring with A+ blood type”; and that the triplets had begun to resemble a man who began to reside with the former wife after the parties’ original separation. The former husband requested that the trial court order DNA testing upon himself, the former wife, and the triplets to determine whether he was in fact the father of the triplets, and also requested restitution from the former wife of all child support paid since the divorce if he was excluded as the father by the DNA tests.
The former wife filed a motion to dismiss, alleging that the trial court had previously determined the former husband’s paternity of the triplets in the parties’ divorce judgment and that the former husband could not now illegitimate the triplets. The former husband filed a brief in response, alleging that the trial court had the power, pursuant to § 26-17A-1, Ala.Code 1975,[1] to reopen the divorce judgment to determine the true paternity of the triplets. The former husband also reiterated the averments of his complaint in an affidavit, to which he attached several documents purporting to be medical records disclosing the blood types of the triplets, the older daughter, and the former wife. The affidavit also stated that the former husband had “consulted with experts in genetics and was informed that it is genetically impossible for a mother and a father who both have blood type ‘O’ to produce children with blood type ‘A.’ ” Finally, the former husband filed an amended pleading, which added a claim against Jeff Griffin, who the former husband contended was the father of the triplets, for reimbursement of child support the former husband had paid with respect to the triplets. Griffin subsequently moved to dismiss the former husband’s claim against him.
The trial court subsequently entered a judgment denying the former husband’s petition as to his claim against the former wife. The trial court dismissed the claim against Griffin on the basis that, in its view, this proceeding was an “inappropriate forum” for such a claim and an independent action should instead be filed against Griffin.[2] The former husband appeals, naming only the former wife as an appellee.
Relying upon this court’s holdings in State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996]—So.2d—(Ala.Civ.App. 1996), and D.R.R. v. State ex rel R.G., [Ms. 2951429, June 27, 1997]—So.2d—(Ala. Civ.App.1997), the former husband contends that § 26-17A-1 applies to divorce judgments, and that the trial court erred in denying his petition seeking to reopen the judgment.
We first point out that G.M.F. and D.R.R. are presently on certiorari review before the Alabama Supreme Court, and one of the issues before that court in those cases is whether § 26-17A-1 applies to divorce judgments.
The former wife contends that the trial court’s judgment was correct because, she *739 says, (1) even assuming the applicability of § 26-17A-1 to the former husband’s petition, he did not present “scientific evidence” in the trial court that would allow the reopening of the judgment; and (2) § 26-17A-2 prohibits the former husband’s recovery of child support payments to her with respect to the triplets.
Assuming that § 26-17A-1 applies in divorce cases, we find no error in the trial court’s refusal to reopen the divorce judgment. That statute allows the reopening of an adjudication of paternity “if there is scientific evidence presented by the defendant that he is not the father ” (emphasis added). The sole evidence before the trial court consisted of the former husband’s affidavit, in which he averred that his blood type is O +, and the exhibits thereto, which showed that the former wife’s blood type is O + and that the triplets’ blood type is A +.
Although we note that neither this court nor the Alabama Supreme Court has determined the precise contours of a petitioner’s burden under § 26-17A-l(a) to present “scientific evidence ... that he is not the father” in order to reopen a paternity adjudication, we conclude that the mere submission of evidence of a dissimilarity in the ABO blood types of parents and children is insufficient to meet this burden. See Ex parte Calloway, 456 So.2d 306, 307 (Ala.Civ.App.1983) (Wright, J., dissenting) (describing ABO blood-type test as having “little probative value” in paternity proceedings), aff'd, 456 So.2d 308 (Ala.1984) (noting that ABO blood-type test “will only exclude the paternity of 13 to 18% of [black] males and 19 to 27% of white males”). We find persuasive the rationale of the Kentucky Court of Appeals: “The question of paternity cannot be resolved on a naked showing of blood type without expert opinion because the conclusions are based upon medical research, and involve questions of chemistry and biology with which a layman is entirely unfamiliar.” Tackett v. Tackett, 508 S.W.2d 790, 792 (Ky.1972) (internal quotation marks omitted). We therefore conclude that the former husband’s mere submission of raw data tending to indicate that the triplets’ blood type differed from his blood type and the former wife’s blood type did not amount to a presentation of “scientific evidence” excluding him from paternity so as to warrant the reopening of the divorce judgment.
Moreover, the former husband’s averment in his affidavit that he “was informed” by “experts” that it was “genetically impossible” for him to father children, such as the triplets, with blood type A is hearsay. Rule 801, Ala.R.Evid. His recounting of what these unsworn “expert” declarants may have said is, under the Alabama Rules of Evidence, not admissible to prove that he is not the father. Id., Rule 802.
Additionally, while the former husband asserts in his reply brief that he “was prepared to call a genetics expert” to evidence his contention that he could not have fathered the triplets, he failed to present such evidence to the trial court. We note that the text of § 26-17A-l(a) requires the presentation of such evidence as a precondition to the reopening of a judgment adjudicating paternity. Absent the presentation of admissible scientific evidence tending to show that he was not the father of the triplets, we conclude that the trial court’s refusal to reopen the judgment was correct.
Further, assuming § 26-17A-1 is applicable in this case, § 26-17A-2 provides, in pertinent part, that “[i]n any decree setting aside an order of paternity pursuant to [Chapter 17A], there shall be no ... reimbursement or recoupment of money or damages against the mother.” This court has previously held that the relief available to a movant under § 26-17A-1 is “very limited”; that “he can only reopen the case”; and that his rights under § 26-17A-1 to obtain relief from a paternity judgment “cannot affect that judgment as far as money already paid to and received by the mother.” K.M. v. G.H., 678 So.2d 1084, 1088 (Ala.Civ.App. 1995), cert. denied,—U.S.—, 117 S.Ct. 511, 136 L.Ed.2d 401 (1996). Thus, the trial court was also correct in denying reimbursement of child support payments paid to the former wife, because that form of relief was not available, as a matter of law.
*740 Based upon the facts and authorities set forth above, we affirm the judgment of the trial court.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.

. This section provides, in pertinent part, as follows:
"(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father."

. The record reveals that Jeff Griffin's blood type is also 0 +.